Berrien
v.           *By the court,* NELSON J.   The statute directs that a *certio-*
Westervelt.  *rari* of this kind shall not be effectual to remove a cause, un-
less it be filed in the office of the clerk of the court in which
such action is pending, after the defendants shall have *duly*
*appeared.*  2 R. S. 389, § 7.   The statute, to be sure, speaks
of an appearance by entering and perfecting special bail, if
bail shall have been required ; but in analogy to the statute,
when no bail is required as when the suit is commenced by
declaration, the defendants should have caused their appear-
ance to have been entered by the clerk before suing out the
*certiorari.*  The notice of retainer was not enough.

Motion denied.

---

BERRIEN *vs.* WESTERVELT, sheriff, &c.

A *sheriff* or *coroner* has no power to take the affidavit of a plaintiff in reple-
vin, as to the ownership of the property specified in the writ.

June 19.     THE defendant in this case moved to set aside a *writ of re-*
*plevin,* and all proceedings had thereon, on the ground that the
affidavit of ownership of property annexed to the writ was
not sworn to before a proper officer : it appeared to have
been sworn to before the *coroner* who executed it.

On the part of the plaintiff, it was contended that the *coro-*
*ner* had authority to take the affidavit by virtue of the provi-
sion contained in 2 R.'S. 552, § 11 ; and that such power was
also fairly inferrible from the seventh section of the chapter
relative to the action of replevin, 2 R. S. 523, which autho-
rizes the officer, to whom the writ is directed, to *swear* and ex-
amine the sureties to the replevin bond—but

*By the Court,* SUTHERLAND, J.   The coroner had no right
to administer the oath to the plaintiff.   He is not of the num-
ber of those officers to whom *general* power is given to admin-

ister oaths or take affidavits, 2 R. S. 284, § 49; and no special authority is given to him to take an affidavit in any cause depending in court. The section referred to in 2 R. S. 552, § 11, does not contemplate a proceeding in an action depending in court; and although the *sureties* to a replevin bond may be sworn and examined by the coroner, he is not authorized to take an affidavit to be used in a cause. The affidavit not having been sworn to before a proper officer, was a nullity, and the defect is fatal. The statute forbids the executing of the writ, unless the affidavit be made and sworn to before some proper officer. 2 R. S. 523, § 7. The compliance with the statute is in the nature of a condition precedent.