CORNELIUS F. BUCK, Respondent, vs. C. GRANT LEWIS *et al.*, Appellants.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

When the Plaintiff, in an action to recover the possession of personal property, joins in the undertaking which he is required to give for the prosecution of the action and return of the property, if a return thereof be adjudged, he is bound thereby to the same extent as any other obligor.

Buck v. Lewis et al.

Points and authorities for Appellants.

The demurrers were improperly overruled by the Court below.

I.—Because it is not alleged in the amended complaint that in the action of C. Grant Lewis against the Respondent, the value of the personal property was assessed or adjudicated, or that judgment was recovered for any amount.　　*Comp. Stat. chap.* 61, *sec.* 38, *p.* 561.

There is simply an allegation that the Plaintiff in that suit re-recovered judgment for the value of the personal property, but no allegation that he recovered judgment for any amount. It is not sufficient to allege what the value of the property in fact was, or is, but it should be shown at what amount it was assessed or adjudicated in that action. The securities in a re-plevin undertaking are only liable for the amount recovered against the Plaintiff.　　*Comp Stat.*, *chap.* 60, *sec.* 133, *p.* 549.

II.—C. Grant Lewis being the Plaintiff in the action, could not be made a security in the undertaking.　*See Stat. last cited.*

A party cannot be his own security. It is a contradiction in terms. The signing the undertaking by C. Grant Lewis was un-authorized by the statute, which must be strictly followed, and as he could not, in the nature of things, be a security, he is not liable on the undertaking.

III.—So far as C. Grant Lewis is concerned, the amended complaint, in substance and effect, only sets forth a cause of action upon the judgment against him (provided a valid judgment is alleged).

The amended complaint amounted to just this : C. Grant Lewis, by the undertaking, promised to pay such judgment as should be recovered against him in that action. A judgment was recovered against him in that action which he has not paid, for the amount of which the Plaintiff in this action demands judgment against him. The fact that Lewis promised to pay such judgment as should be recovered against him, does not help to make out the

cause of action. He was equally liable on the judgment, whether he promised to pay it or not.

IV.—A cause of action against Lewis, upon a former judgment against him, cannot be united with a cause of action against the Thompsons, on the undertaking, and the demurrers should have been sustained on that ground also. *See Comp. Stat., chap.* 60, *sec.* 65, *p.* 540.

Points and authorities for Respondent.

This action is brought on an undertaking executed by the Plaintiff in a replevin suit.

The complaint shows the due execution of the undertaking, the consideration, viz., delivery of the property to the Plaintiff, and the subsequent breach, and the amount of the damages.

The demurrer is manifestly frivolous, and taken for delay.

H. R. Bigelow and Greenleaf Clark, Counsel for Appellants.

Lorenzo Allis, Counsel for Respondent.

*By the Court*—Emmett, C. J.—The decision of the Court below, overruling the separate demurrers of the Defendant Lewis, and of the Defendants Thompson, is affirmed by this Court. And as the opinion of the learned judge of the District Court, which comes up with the record, satisfactorily disposes of the questions presented by the several appeals, we do not think it necessary to do more than adopt the same as the opinion of this Court.

The following is the opinion of Judge Palmer, referred to in the above case:

The point that the complaint does not show that the value of

the property in controversy in the former action was determined therein, is incorrect in fact, and therefore untenable. Not only is there an allegation to that effect in the complaint, but such allegation seems sufficiently clear and precise.

There can be no doubt about its scope and meaning in any reasonable mind.

It is certainly hypercritical to say that the language used means anything else than that the value of said property was $5,328 16-100, and that such sum was determined upon in said action as the value of said property. The office and effect of the phrase " to wit," or " videlicet," as it is called, is to particularize what is too general in a preceding sentence, and render clear, and of certain application, what might seem otherwise doubtful or obscure, and such is its effect as used in this complaint. The language of the statute is followed, and then the pleader adds the amount or value of the property. There is certainly no valid ground of demurrer here.

The other principal question discussed in the argument, relates to the form of the undertaking: Ought Lewis to have been made a party?

The statute is not very definite, and I do not see why an undertaking in either form would not be valid, at least as to the parties signing it.

The New York authorities seem to put undertakings and bonds on the same general ground, and have held that even where an instrument did not fulfil the requirements of the statute it would still bind the parties. This seems reasonable and just. Parties ought not to be suffered to avail themselves of the instrument to obtain possession of property, and then be relieved from all obligation to respond, when the suit has gone against them, unless the error or defect be fundamental.

There is no such error here, even if it be true that the principal need not have joined. The " securities," or sureties, cannot complain because the party against whom they may have recourse is added to the undertaking. It does not increase, diminish or affect their liability in any way.

41—vol. ix.

Nor can the principal complain. He voluntarily became a party to the undertaking, and is bound by its terms to the same extent as any other obligor. The fact that there is a judgment against him in the first action, cannot relieve him, for an action upon the undertaking is in no sense an action on the judgment.

A dismissal of this action, or a judgment in his favor on account of any substantial defect in the undertaking, would not relieve him from the judgment now in force.

The evidence is not the same here, and the result will not affect his existing liability upon the judgment. Hence the position assumed by the counsel for the Defendants is neither substantially nor technically correct.

The other questions raised by the demurrers rest upon the two noticed above, and need no special consideration.