No. 6550.

J. U. PAYNE vs. JOHN FURLOW.

An amendment in the pleadings, by which the plaintiff, a liquidating partner, claims to be sole owner of the debt, individually, is admissible.

A confession of judgment, although made in a court without jurisdiction of the case, has the force and effect of an account stated and acknowledged, and is only prescribed in ten years.

APPEAL from the Seventh Judicial District Court for the parish of Avoyelles. *Hewes*, J.

*Irion & Thorp*, for plaintiff and appellee.

*Thomas Overton*, for defendant.

The opinion of the court was delivered by

EGAN, J. The defendant, being indebted to his commission merchants, Payne, Huntington & Co., on an account stated, including notes, on settlement, waived exception of domicile and confessed judgment in their favor before the Fourth District Court of New Orleans, being, however, then and now a resident of the parish of Avoyelles. This was on the fifteenth of February, 1867. On the seventh of April, 1875, owing to the decisions of this court against the right or power of defendant to waive exception of domicile and the consequent nullity of the judgment pronounced upon the confession, the present suit was instituted upon the same cause of action, alleged in the original petition to be an account stated. The plaintiff, who originally sued as surviving and liquidating partner, subsequently filed two amended petitions, the first of which set up the confession of the defendant, and the second, after adopting the allegations of the original and first-amended petition, claimed sole ownership of the debt and cause of action in J. U. Payne, individually. To the filing of the second amendment, as it is termed, the defendant excepted on the ground that it was a substitution of a new party plaintiff, and inconsistent with the averments of ownership in the original petition. It was competent for the plaintiff to acquire an asset which had originally belonged to his firm, and, of course, to allege and prove such acquisition. He has done both. Such amendments are frequent, and the court below allowed this in its discretion. No injury was done to the defendant. The defendant first filed the exception of *res adjudicata*, based upon the judgment rendered on confession in writing in the Fourth District Court of New Orleans. This exception was properly overruled. The defendant answered a general denial, and pleaded the prescription of three, five, and ten years. There is in the record a statement of facts or agreed statement signed by counsel for both plaintiffs and defendants which admits the confession of judgment. The original petition and written confession were filed in evidence, and also satisfactory evidence

given of the transfer of this debt to J. U. Payne, individually. This written confession might have been proved up and made the basis of a judgment in the court of proper jurisdiction. That it was not so done has enabled the defendant to wage this contest and to bring the case before this court. It was competent to use it as in the present case as to show plaintiff's right of recovery. Whether the present suit be considered as based upon an account stated and acknowledged, or upon this written confession and consent that judgment be entered against the defendant, or both, we think the only prescription applicable is that of ten years, which had not run at the date of its institution. This was the view taken by the judge *a quo*, who correctly overruled the pleas of prescription. The evidence on the merits establishes fully both the amount of the claim as alleged by plaintiff and the individual ownership of it by J. U. Payne. The defenses urged are purely technical and without merit. The debt is due as demanded by plaintiff and confessed by the defendant.

The court below gave judgment for plaintiff accordingly, and we affirm it.