CHARLES F. GOODMAN, PLAINTIFF IN ERROR, V. SIMON H. KENNEDY AND OTHERS, DEFENDANTS IN ERROR.

1. **Sale of Personal Property:** TRANSFER OF OWNERSHIP. In a contract for the manufacture and sale of a certain article, exclusively for the plaintiff, it was expressly stipulated payment was to be made on its delivery to the purchaser. *Held*, that the failure, or refusal of the seller to deliver the article, as he had agreed, did not divest him of his ownership, nor authorize a seizure by the buyer without his assent.

2. **Replevin:** PLAINTIFF'S RIGHT TO RECOVER. The plaintiff in replevin must recover, if at all, on the strength of his own title, and not because of the weakness of his adversary's.

NOTE.—Delivery may be actual or constructive, but there must be delivery one way or the other, or the property is not absolutely divested from the vendor. *Barrett v. Turner*, 2 Neb., 175. If the vendee agree to do some act upon delivery, possession obtained by him without performance does not vest the title in him. *Sutro v. Hoile*, 2 Neb., 192. But an absolute and unconditional delivery of the goods by the vendor, without exacting performance, is a waiver of the condition of the sale. *Id*. In sales of property, unless otherwise expressed, it is implied that the vendor may retain possession until the price is paid ; and where a day certain is fixed within which the consideration is to be paid, performance or a tender must be made within the time, or the vendor will not be bound. *Horacek v. Keebler*, 5 Neb., 357, 358. And see *Aultman v. Mallory*, 5 Neb., 178. The vendor of personal property was a non-resident. The property

Goodman v. Kennedy.

3.  **Order of Introducing Evidence.** The order of introducing evidence is discretionary with the trial court, especially when the trial is to the court without a jury, there being no abuse of such discretion.

4.  **Opinion or Understanding of Witness.** The opinion or understanding of a witness as to his rights under a contract is not competent evidence ; but where the plaintiff, on the cross examination of the defendant, asked for and obtained his opinion on the subject, he is not in a situation to complain if such opinion is repeated by the witness on his re-examination in chief.

5.  ——: ——. In such case the error is without prejudice, for which a judgment will not be reversed.

6.  **Judgment in Action of Replevin.** The statute provides that judgments in replevin, when in favor of the defendant, shall be for a return of the property, or for the value, if a return cannot be had, and damages. Whether this provision for a return is not for the benefit of the defendant, who alone can take advantage of its omission, *quære.* But, however this may be, before the plaintiff can complain of such omission he must show that the property is capable of being returned.

ERROR to the district court for Douglas county. The action was in replevin to recover possession of some twelve gross of "Pinus Canadensis," so-called dip, manufactured by Kennedy for Goodman, under a written contract existing between them. After the commencement of the action, Kennard & Forsythe, claiming an interest in the property replevied, were made parties defendant, and upon final hearing, before SAVAGE, J., judgment was rendered in their favor.

was in Nebraska, under the care and control of the vendees, who were general agents of the vendor. *Held,* that the sale was complete as between the parties to it as soon as the vendor was notified by the vendees of their acceptance of his offer to sell, without a formal delivery of possession, and conclusive also as to all others, unless shown to have been fraudulent. *Uhl v. Robison,* 8 Neb., 278. See also *Eiseley v. Malchow,* 9 Neb., 174, and *note,* and also note to *Search v. Miller,* 9 Neb., 26—REP.

*Redick & Connell,* for plaintiffs in error, cited *Aldridge v. Johnson,* 7 Ellis & Blackburn, 885.    *Eiseley v. Malchow,* 9 Neb., 174.    Gen. Stat., 713.    *Hooker v. Hammill,* 7 Neb., 231.    *Moore v. Kepner,* Id., 295.

*Webster & Gaylord,* for defendants in error, cited Benj. on Sales, § 318.    1 Pars. on Cont., 6th Ed., 527. *Macomber v. Parker,* 13 Pick., 175.    *Higgins v. Chessman,* 9 Pick., 7.    *Comfort v. Kiersted,* 26 Barb., 472. *Pettengill v. Merrill,* 47 Me., 109.    *Green v. Hall,* 1 Houst., 506.    *McConike v. N. Y. & E. R. R. Co.,* 20 N. Y., 495.    *Marble v. Moore,* 102 Mass., 443.    *Terry v. Wheeler,* 25 N. Y., 520.

LAKE, J.

The judgment complained of was rendered in an action for the replevy of an article of personal property called "*Pinus Canadensis,*" of which the defendant Kennedy was the manufacturer.    The plaintiff claimed and sought the possession of this property as the absolute owner thereof, by virtue of a contract between himself and Kennedy, of which the following is all that is essential in this controversy, viz.: " S. H. Kennedy, of N. Y. city, hereby agrees to manufacture his hemlock remedies in Omaha, and exclusively for C. F. Goodman, and said Goodman agrees to buy said S. H. Kennedy's hemlock remedies at the following prices,    *    *    *    *    and said Kennedy is to deliver the same, as manufactured, and up to the standard, to the said Goodman, in Omaha, ready for shipment,    *    *    *    and assorted as the trade may demand, or the said Goodman may order, and which amounts said Goodman hereby agrees to pay *when the goods are so delivered.*    And said Kennedy further agrees not to establish any other than the Omaha manufactory, or

agency, or sell to other parties in the United States, for the term of three years from this date."

By the express terms of this agreement the goods were to be delivered to Goodman in Omaha. Delivery and payment were made concurrent acts, and the enforcement of either dependent on the other. Therefore, under the law of sales of personal property, the ownership was not transferred from Kennedy to Goodman until a voluntary delivery was made. It is true that, under the contract, Kennedy ought to have handed over the goods as requested, but, until he did so, they were his own property, to do with as he saw fit, being of course liable for any damage Goodman might sustain in consequence of a failure to perform his engagement. His failure, or refusal, to make delivery as he had agreed, however, did not divest him of his ownership, nor authorize Goodman to seize the goods without his consent. And the evidence very clearly shows that the parties themselves, to the extent that the contract was performed, so understood its import. Goodman himself testifies that he never credited Kennedy on his books until the goods were actually delivered; and doubtless, had a quantity of the article manufactured and prepared "for shipment" been accidentally destroyed before it had been received by Goodman, he would hardly have considered the loss as his own. But it would have been if he could maintain an action of replevin under the circumstances of this case.

The plaintiff in replevin must recover, if at all, on the strength of his own title, and not because of the weakness of his adversary's. Goodman, therefore, is not in a position to criticise the alleged sale of the goods in controversy to the defendants Kennard & Forsythe. That is a matter between that firm and Kennedy, and so long as they are agreed that a sale was made, that ends it, so far as this action is con-

cerned. Had the goods been seized in attachment by a creditor of Kennedy it would have been very different, and there may be doubt whether, in such a controversy, Kennard & Forsythe could have held them under the state of facts disclosed by the evidence before us. Such being our views concerning the merits of the case it is hardly necessary to notice the minor questions presented by the assignment of errors, but we will refer briefly to some of the more important of them.

By the first error assigned it is urged that the court erred in permitting the defendant Kennedy to testify " as to the dates in a book shown to witness, being dates of turning over goods, etc., the said book not having been first shown to counsel, and not being offered in evidence." There was no error in this particular. The object of this testimony was to show that, conforming to the letter and spirit of the contract, credit was given to Kennedy for the goods at the very time of delivery, and not before, and the question put to the witness accordingly was: " Were the dates as shown by this book the actual date of turning over the goods?" To which the witness answered, " Yes, sir."

There was nothing objectionable in this testimony. The fact that the book itself had not been offered in evidence was of no consequence. It was subsequently offered and admitted, and the order of presentation of proofs was a matter of discretion with that court, especially as the trial was to the court, without a jury. There was no abuse of this discretion.

It- is also assigned for error that the witness Kennard was permitted to testify as to his *understanding* of when the title passed to Kennard & Forsythe. This was incompetent evidence, and under certain circumstances its admission might have been held material

error, calling for a reversal of the judgment. But it is not so here. This testimony was given on a re-examination of the witness in chief, and the record shows that substantially the same testimony had been brought out by plaintiff's counsel on his cross-examination, from which we quote:

Q. Then the goods were to become yours, and you were to give him credit for them?

·A. Yes, sir. I considered my title perfect when I made that payment.

Q. There was no particular agreement about it, but that was your legal conclusion?

A. Yes, sir. It was not a legal conclusion particularly, it was a matter of common sense between dealers.

Having thus called from this witness his view respecting his rights under his purchase from Kennedy, the plaintiff was hardly in a situation to complain of his being requested to express, or rather repeat, his "understanding" of the same matter, which was nothing more than his individual judgment. The answer to the question complained of added nothing whatever to the testimony already before the court, and although incompetent, its admission was error without prejudice, for which a judgment, as we have frequently held, will not be reversed.

The only other of the alleged errors that we care to notice is that pertaining to the judgment. It is contended by the plaintiff that it should have been in the alternative, that is, for a return of the property, and in case a return could not be had, then for the value of the property, and damages. The provisions of statute requiring judgment for the return of the property taken by order of replevin was no doubt intended chiefly for the benefit of defendants whose property has been thus wrongfully taken from them.

With this view of the purpose of the statute, it has been urged with much force and reason that defendants only can take advantage of the failure to include in the judgment a provision for such return. But however this may be, before the plaintiff can complain of such omission he must show by satisfactory evidence that he still has the property in suitable condition to be returned. In the record now before us it does not appear that any of the property was still in possession of the plaintiff, or that it was even in existence at the time of the trial. For aught that appears a reformation of the judgment in this particular would be but an idle ceremony. We see no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.