HENRY A. NICHOLS *vs.* MINA M. STANDISH AND ANOTHER.

Obligors in a replevin bond can not escape liability on the ground of irregularities in the institution or prosecution of the replevin suits or of technical defects in the bonds themselves.

The statute (Gen. Statutes, tit. 19, ch. 17. part 15, sec. 2,) provides that no writ of replevin shall be issued until the plaintiff or some other credible person shall subscribe an affidavit, to be annexed to the writ, stating the value of the property to be replevied, and that the plaintiff is entitled to the immediate possession of it. Held that this provision is for the benefit of the defendant, and that a failure to make the affidavit does not render the proceeding void, but only voidable at his election.

The non-return of a writ of replevin is no defense to an action on the replevin bond.

DEBT on a replevin bond; brought to the Court of Common Pleas of Fairfield County, and tried before *Hall, J.* Facts found and judgment rendered for the plaintiff, and motion for a new trial by the defendants. The case is fully stated in the opinion.

*S. M. Slade* and *H. S. Sanford,* in support of the motion.

*J. C. Chamberlain,* contra.

HOVEY, J. This was an action upon a replevin bond for the sum of one thousand dollars, given by the defendant

---

* Judge HOVEY of the Superior Court was called in to sit in place of Judge CARPENTER, who was unable to attend from illness.

Standish as principal and the defendant Reynolds as surety, in a suit in which Standish was plaintiff, and the present plaintiff was defendant. The writ of replevin was issued upon the application and affidavit of Standish, stating the true and just value of the property to be replevied, and upon the security of the bond in suit, and was in all respects regular and in accordance with the requirements of the statute, except that the affidavit was not subscribed by the affiant. Notwithstanding that irregularity the writ was placed in the hands of an officer who, by virtue of it, replevied to Standish the property it described and then delivered it to Standish's attorney, but never returned it, and it never was returned to the court to which it was made returnable. The defendants, at the trial of the present action, objected to the introduction of the writ of replevin and replevin bond in evidence, but the court admitted them. When the evidence was closed the defendants claimed that the plaintiff could not recover, because they claimed that the non-subscription of the affidavit upon which the writ of replevin was issued rendered the writ and consequently the replevin bond void, and also because the writ had not been returned to the court to which it was returnable. But the court overruled both claims, and found that the property replevied was the property of the present plaintiff, and that the defendant Standish was not entitled to the possession of it at the time the writ of replevin was issued and served, and rendered judgment in favor of the plaintiff. Whereupon the defendants filed the motion now before us for a new trial.

The first question which the motion presents is, whether the omission of the defendant Standish to subscribe the affidavit upon which the writ of replevin was issued, rendered the writ and replevin bond void. The statute provides that "no writ of replevin shall be issued until the plaintiff or some other credible person shall subscribe an affidavit stating the true and just value of the goods or chattels which it is desired to replevy, and that the plaintiff is entitled to the immediate possession of the same; which affidavit shall be annexed to the writ." These provisions were made for the

benefit of defendants in actions of replevin, and give to them the right, in all cases, to insist that each and every provision shall be strictly complied with. But a failure in any case to comply with them or either of them is merely an irregularity in procuring and issuing the replevin process, which at most makes it voidable at the election of the defendant in replevin, but does not render it void. Numerous cases are reported in which obligors in replevin bonds, when sued, have attempted to escape liability on the ground of irregularities in the institution or prosecution of the replevin proceedings, or of technical defects in the bonds themselves. But the attempts have uniformly failed. *Rowan* v. *Stratton*, 2 Bibb, 199; *Nunn* v. *Goodlett*, 5 Eng. (Ark.,) 90; *Jennisons* v. *Haire*, 29 Mich., 208; *Bigelow* v. *Cornegys*, 5 Ohio St., 256; *Roderbaugh* v. *Cady*, 1 West. L. M. (Ohio,) 599; *McDermott* v. *Isbell*, 4 Cal., 113; *Buck* v. *Lewis*, 9 Minn., 317; *Moers* v. *Parker*, 3 Mass., 310; *Wolcott* v. *Mead*, 12 Met., 517; *O'Grady* v. *Keyes*, 1 Allen, 284; *Shaw* v. *Tobias*, 3 Comst., 192; *Decker* v. *Judson*, 16 N. York, 439. In *Berrien* v. *Westervelt*, 12 Wend., 194, the court, on motion of the defendant in replevin, set aside the writ and all the proceedings thereon, upon the ground that the affidavit of ownership of property annexed to the writ was not sworn to before a proper officer. And in *Rosen* v. *Fischel*, 44 Conn., 371, this court held that the writ of replevin and replevin bond were void, upon the ground that the court to which the writ was returnable had no jurisdiction of the cause—the writ being returnable before a justice of the peace, and the damages demanded being two hundred and fifty dollars. There is, however, a manifest distinction between those cases and the case at bar. In *Rosen* v. *Fischel* the court, having no jurisdiction of the cause, had no power to render judgment for the return of the property replevied or for damages occasioned by its unlawful detention. In the case at bar the jurisdiction and power of the court were unquestionable. In *Berrien* v. *Westervelt* the action of the court was taken on motion of the party aggrieved by the replevin proceedings. But in the case at bar the action of the court was invoked by the parties

directly responsible for the irregularity of which they sought to take advantage, after the irregularity had been waived by the party who, alone, had the right to complain of it.

In the case of *Jennisons* v. *Haire*, which in all its main features was like the case at bar, it was urged in behalf of the Jennisons, who were plaintiffs in error in the Supreme Court but defendants in the court below, that it did not appear in the evidence offered in the latter court that the writ of replevin by which they got possession of the property was accompanied by an affidavit. But the Supreme Court answered the claim by saying that—"This, if true, was no ground for excluding the judgment in replevin. If the validity of the judgment as a piece of evidence in the suit on the bond depended upon whether or not the requisite affidavit on the part of the Jennisons was actually made and annexed to the writ, there is authority for saying that, in the absence of evidence showing the contrary, it would be presumed in aid of the proceedings of the Circuit Court, that one was made. But the case admits of another answer. The plaintiffs in error are estopped from making any such objection. The proceedings in the replevin suit, including the bond in question, constituted the machinery by which the property was taken from the attaching officer and passed over to the principals in the bond; and the parties who promoted and managed those proceedings cannot set up that they got the property without an affidavit or committed other irregularities, in order now to defeat a suit on the bond."

*Shaw* v. *Tobias* was also an action on a replevin bond. One ground of defence was that there was but one surety in the bond, when two sureties were required by the statute. But the court said that the provision of the statute requiring two sureties was made for the safety of the defendant in replevin; that if the bond was substantially good without the sureties and entirely satisfactory to the defendant, it would be absurd to require him to take proceedings to make it better; and that he might waive a strict compliance with the statute by the plaintiff in regard to those matters which were unimportant to himself. But that, after the plaintiff had

obtained possession of the property in dispute by acting on the bond as a lawful and valid security, neither he nor his surety ought to be permitted to get rid of it by alleging that it is not so strong or so perfect as the defendant might have required him to make it. Again the court said that "The obligor in this case does not object that the defendant has violated the statute, but that it was not complied with on his own part, and this after he or his principal has had the benefit of the bond in all respects as if the statute had been complied with. Such an objection can be of no force." The bond was, therefore, held to be valid and binding.

The rules laid down by these authorities are founded upon principles of law well established, and their soundness cannot be questioned. The result therefore is that the court below properly overruled the objection of the defendants to the introduction of the writ of replevin and the replevin bond in evidence, and correctly decided that the bond was a valid and binding security.

The decision in the case of *Persse* v. *Watrous*, 30 Conn., 139, disposes of the second and only remaining question raised by the motion, and fully sustains the action of the court below in holding that the non-return of the writ of replevin was no defence to the action upon the replevin bond.

For these reasons the motion for a new trial should be denied.

Inth is opinion the other judges concurred.