# H. W. BARDWELL, PLAINTIFF IN ERROR, v. THOMAS M. STUBBERT, DEFENDANT IN ERROR.

1. **Replevin:** AFFIDAVIT. In replevin, where the object of the action is to obtain a delivery of the goods which it is claimed are wrongfully detained by the defendant, the filing of an affidavit setting forth substantially the facts required by the statute, is a condition precedent to the issuing of the order of delivery.

2. ———: ———: PLEADINGS: AMENDMENT. Where A brought an action of replevin against B to recover certain chattels, filed the proper affidavit, and obtained an order of delivery, under which he recovered possession of the property, he cannot afterwards, before the trial, amend his petition by making C a joint defendant with B to recover the property, unless in an affidavit filed before he obtained the chattels in controversy he had charged C with the wrongful detention of the same.

3. ———: EVIDENCE. A plaintiff in replevin must recover, if at all, on the strength of his own claim, and a failure to prove his right to the immediate possession of the property, where the illegal detention is denied, is a failure of proof upon a material point.

ERROR to the district court for Antelope county. Tried below before TIFFANY, J.

*Thos. O'Day,* for plaintiff in error.

*N. D. Jackson* and *D. A. Holmes,* for defendant in error.

MAXWELL, J.

In June, 1881, the defendant in error commenced an action in replevin in the district court of Antelope county against James A. Bardwell to recover the possession of six head of cattle. The return on the summons is as follows: "I served the within summons on the within named defendant, James A. Bardwell by delivering to H. W. Bardwell, his agent, a certified copy of this summons with all the endorsements thereon." And on the order of replevin, after stating the taking and delivery of the property to Stubbert, is the further certificate that, "I also on said day delivered to H. W. Bardwell, agent of said James A. Bardwell, a true and certified copy of the order." In May, 1882, an order was made, apparently at the request of the defendant in error, making H. W. Bardwell a party to the action. In August or September, 1882, more than a year after the commencement of the action, an amended petition was filed

against James A. and H. W. Bardwell, charging them with the wrongful detention of the property in question. No new affidavit or undertaking was filed. The attorney for H. W. Bardwell then filed a motion to dismiss as to said Bardwell for various reasons that need not be noticed. The motion was overruled, and he thereupon filed an answer in effect denying the wrongful detention of the property. On the trial of the cause the jury returned a verdict in favor of Stubbert against H. W. Bardwell, and assessing the damages at $100. Judgment was thereupon rendered against H. W. Bardwell for $100 and the costs of the action, taxed at $79.28.

At common law a writ of replevin was issued out of the court of chancery, and could be sued out only at Westminster. Afterwards, by the statute of Marlbridge, 52 Henry, 111, ch. 21, the sheriff of each county, "upon plaint to him made," was authorized to replevy the goods. 3 Blacks. Comm., 147. The affidavit takes the place of the plaint, or rather it is the plaint, the word having the same meaning it had in the statute of Marlbridge. Wells on Replevin, § 654. The affidavit required by the statute, therefore, is the complaint of the common law. *Anderson v. Hapler*, 34 Ill., 439.

Section 182 of the code provides that an order for the delivery of personal property to the plaintiff shall be made by the clerk of the court in which the action is brought, when there shall be filed in his office an affidavit of the plaintiff, his agent, or attorney, showing: 1st. A description of the property claimed. 2d. That the plaintiff is the owner of the property, or has a special ownership or interest therein, stating the facts in relation thereto, and that he is entitled to the immediate possession of the same. 3d. That the property is wrongfully detained by the defendant. 4th. That it was not taken in execution on any order or judgment against said plaintiff, etc.

Sec. 183 provides what the order shall contain.

Sec. 184 provides when it shall be returnable; sec. 185, the mode of executing it; and section 186 requires the sheriff before delivering the property to the plaintiff to take a written undertaking to the defendant in at least double the value of the property taken, to the effect that the plaintiff shall duly prosecute the action, and pay all costs and damages that may be awarded against him, and return the property to the defendant in case judgment for a return of such property is rendered against him, etc.

Sec. 197 provides that any order for the delivery of the property issued under section 182 without the affidavit required thereby, shall be set aside at the cost of the clerk issuing the same, and the clerk as well as the plaintiff shall also be liable in damages to the party injured.

In all cases where the object of the action is to obtain a delivery of the goods which it is alleged are wrongfully detained by the defendant, the affidavit required by the statute is a prerequisite to the issuing of the order of delivery, and without it the order will be a nullity if issued. *Wilbur v. Flood*, 16 Mich., 40. *Phenix v. Clark*, 2 Id., 327. *Perkins v. Smith*, 4 Blackf., 302. *Milliken v. Selye*, 6 Hill, 623. *Bridges v. Layman*, 31 Ind., 385. *Payne v. Bruton*, 5 Eng. (Ark.), 57. *Cutler v. Rathbone*, 1 Hill, 204. *Kehoe v. Rounds*, 69 Ill., 352. *McClaughray v. Cratzenberg*, 39 Id., 123. *Stacy v. Farnham*, 2 How. Pr., 26. *Berrien v. Westervelt*, 12 Wend., 194. Wells on Rep., § 651. There was no affidavit in this case charging H. W. Bardwell with the wrongful detention of the property in dispute, nor was there any undertaking to indemnify him in case of loss. The whole proceeding as to him, therefore, is unauthorized and void. But even if the action had been properly brought as to him, still the judgment could not be sustained. There is no testimony in the record tending to show that the plaintiff below (defendant in error) was the owner of the property in dispute, or had a special property therein, or was entitled to the immedi-

ate possession of the same. He must recover, if at all, on the strength of his own claim. *Goodman v. Kennedy*, 10 Neb., 273. There is not sufficient testimony, therefore, to sustain a verdict in his favor, nor is there any evidence tending to show the wrongful detention of the property by the defendant below (plaintiff in error). It is probable, too, that greater latitude should have been allowed in the admission of evidence, but this may be permitted in the next trial. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.