MRS. J. B. FLANDERS v. LYON & HEALY ET AL.

FILED MARCH 17, 1897. No. 7175.

Replevin: SUBSTITUTION OF PLAINTIFF. In a replevin suit, where the plaintiff has taken the property, it is error to permit a stranger to be substituted for the original plaintiff over defendant's objection.

ERROR from the district court of Douglas county. Tried below before BLAIR, J. *Reversed.*

*E. R. Duffie,* for plaintiff in error.

*Daniel L. Johnson, contra.*

IRVINE, C.

Lyon & Healy, a corporation, brought this action in replevin before a justice of the peace for a piano, piano stool and cover, claiming the same under a chattel mortgage. The plaintiff gave bond and the property was delivered to it under the writ. Subsequently a motion was filed by Lyon & Healy for leave to substitute P. J. Healy as plaintiff, "for the reason that the note and mortgage on which this action is based have been assigned to said P. J. Healy, who now owns the same." A motion was also filed by P. J. Healy asking on his part that he be made plaintiff instead of Lyon & Healy. These motions were sustained over the objection and exception of the defendant, and Healy substituted for the corporation of Lyon & Healy as plaintiff. The defendant made no further defense and judgment was rendered for the plaintiff. Defendant took error to the district court, assigning as error the substitution of Healy for the corporation. The district court affirmed the judgment of the justice, and the defendant seeks by these proceedings to reverse the judgment of affirmance rendered by the district court. On the one side it is argued that the substitution was made because it appeared that the note and mortgage never had belonged to Lyon & Healy, but to P. J. Healy. On the other it is assumed that there had been a transfer of interest after the institution of the suit. Certain depositions appear in the transcript as filed in the district court, but there was not, and could not at that time have been, any bill of exceptions embodying the evidence before the justice on the hearing of the motion. (*Moline, Milburn & Stoddard Co. v. Curtis,* 38 Neb., 520.) We must therefore proceed upon the assumption that the evidence was such as to justify the action of the justice, if such

an order be under any circumstances proper, and the sole question presented is, therefore, whether under any circumstances a court may properly, against the objection of the defendant, substitute a new party for the plaintiff in an action of replevin where the property has been delivered to the plaintiff under the writ.

Section 144 of the Code provides: "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party." Under similar provisions it has generally been held that the object of this provision is to cure misjoinders, or non-joinders, and mistakes in the names of parties, and that it does not permit a sole party plaintiff to be dismissed and a new plaintiff substituted. To permit this would be to create a cause of action, perhaps, in the new plaintiff, where none existed in the original plaintiff when the suit was begun. (*Davis v. Mayor of New York*, 14 N. Y., 506; *Leaird v. Moore*, 27 Ala., 326; *Dubbers v. Goux*, 51 Cal., 153; *Gresham v. Webb*, 27 Ga., 320.) There are some cases stating a different rule, but under this the substitution of parties is held not to be a matter of right, but a power to be exercised in the discretion of the court, and it is clear that it should not be exercised where it would operate to the prejudice of the adverse party. (*Strickland v. Bridges*, 21 S. Car., 21; *Hubler v. Pullen*, 9 Ind., 273; *Hanlin v. Baxter*, 20 Kan., 134.) What it was sought to do in this case was not merely to correct a mistake whereby the proper plaintiff had been improperly designated, or to remedy a non-joinder by adding a new plaintiff, but to substitute actually a party claiming ownership to the replevied property for an entirely different party who had seized it under the writ of replevin, and to dismiss the former party from the case. This right is claimed under section 45 of the Code, which provides: "An action does not abate by the death, marriage, or other disability of a party, or by the transfer of any in-

terest therein, during its pendency, if the cause of action survive or continue. In the case of the marriage of a female party, the fact being suggested on the record, the husband may be made a party with his wife; and in the case of the death or other disability of a party the court may allow the action to continue by or against his representative or successor in interest. In case of any other transfer of interest the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action." This language is general in its terms, but it does not follow for that reason that it is applicable to a plaintiff in replevin who has taken the property under the writ. Section 430 of the Code is equally general in its terms in permitting a dismissal by the plaintiff without prejudice, but a plaintiff in replevin who has taken the property cannot so dismiss the action without defendant's consent. (*Garber v. Palmer*, 47 Neb., 699.) An action in replevin is peculiar, in that when the plaintiff obtains possession of the property both parties become actors, and a verdict adverse to the plaintiff entitles the defendant to an affirmative judgment against the plaintiff for a return of the property, or for its value if a return cannot be had. The plaintiff in replevin must recover on the strength of his own title. (*Goodman v. Kennedy*, 10 Neb., 270; *Bardwell v. Stulbert*, 17 Neb., 485; *Kavanaugh v. Brodball*, 40 Neb., 875.) If, therefore, one not entitled to the possession of the property takes the same by writ of replevin from the defendant, the defendant not only is entitled in that action to an affirmative judgment against the plaintiff, but that right cannot be defeated by a transfer to a stranger and the substitution of that stranger for the original plaintiff. To permit such a proceeding would be equivalent in all respects to permitting in an ordinary civil action a new defendant to be substituted for the original defendant, without consent of plaintiff, upon a showing that between the old and new defendants there had been made a contract by

which the new had assumed the liability of the old.    If Healy was in fact entitled to the possession of the property, he might, under section 50a of the Code, intervene and assert his rights as against both plaintiff and defendant.    But the plaintiff, who had taken the property and become liable to defendant therefor, if it should result that it was wrongfully taken, cannot dismiss himself from the case and substitute a stranger without defendant's consent.

The judgment of the district court is reversed and the cause remanded, with directions to the district court to reverse the judgment of the justice of the peace, and for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.