BURLINGTON VOLUNTARY RELIEF DEPARTMENT OF THE
CHICAGO, BURLINGTON & QUINCY RAILROAD COM-
PANY V. CHARITY E. MOORE, ADMINISTRATRIX OF
THE ESTATE OF HARRY MOORE, DECEASED.

FILED NOVEMBER 18, 1897. No. 7522.

1. **Parties to Actions:** SUBSTITUTION. It is improper, unless in cases
expressly provided by statute, to permit on motion, without con-
sent of plaintiff, a new defendant to be substituted for the one
originally sued.

2. ——: ——: ADMINISTRATRIX: BENEFICIARY: AMENDMENT. A suit
having been begun by an administratrix on a contract of life insur-
ance, the petition not showing who was the beneficiary, it was not
error to permit plaintiff to amend by alleging that she was the
beneficiary in her own right and by striking out the allegations of
her representative capacity.

3. ——: ——: ——: ——. Such an amendment amounts to
neither a substitution of parties plaintiff nor of causes of action.

4. **Pleading:** JURISDICTION: MISNOMER. Want of jurisdiction of the per-
son of defendant, and misnomer, as well as matters in bar, must be
pleaded by answer where not earlier appearing on the face of the
record.

ERROR from the district court of Lancaster county.
Tried below before STRODE, J. *Affirmed.*

The opinion contains a statement of the case.

*J. W. Deweese* and *F. E. Bishop,* for plaintiff in error:

The court had no jurisdiction over the relief depart-
ment, and erred in refusing to admit the railroad com-
pany to be the defendant as the real party in interest on
its own motion. (*Chicago, B. & Q. R. Co. v. Bell,* 44 Neb.,
44; *Burlington Voluntary Relief Department v. White,* 41
Neb., 551; *Chicago, B. & Q. R. Co. v. Wymore,* 40 Neb., 650.)

The court erred in permitting the plaintiff below to
file an amended petition changing the party plaintiff.
(*Hurst v. Detroit City Railway,* 84 Mich., 544; *Liebmann v.
McGraw,* 28 Pac. Rep. [Wash.], 1107; *Wilson v. Kiesel,*

35 Pac. Rep. [Utah], 488; *Bigelow v. Draper*, 69 N. W. Rep. [N. Dak.], 571; *Miles v. Strong*, 60 Conn., 399; *St. Louis, A. & T. R. Co. v. State*, 19 S. W. Rep. [Ark.], 572; *Otis v. Thorne*, 18 Ala., 395; *Davis Avenue R. Co. v. Mallon*, 57 Ala., 168; *Dubbers v. Goux*, 51 Cal., 154; *State v. Rottaken*, 34 Ark., 144; *Phillips v. Melville*, 10 Hun [N. Y.], 212; *New York State Monitor Milk Pan Ass'n v. Remington Agricultural Works*, 89 N. Y., 22; *Davis v. Mayor of New York*, 14 N. Y., 526; *Chouteau v. Hewitt*, 10 Mo., 131; *Rockwell v. Holcomb*, 31 Pac. Rep. [Colo.], 944; *Marsh River Lodge v. Brooks*, 61 Me., 585; *Elliott v. Clark*, 18 N. H., 421; *Emerson v. Wilson*, 11 Vt., 357; *Final v. Backus*, 18 Mich., 229; *Carmichael v. Dolen*, 25 Neb., 338; *Commercial Bank of Omaha v. Gibson*, 37 Neb., 750.)

*William Leese, contra.*

IRVINE, C.

In the district court there was a judgment in favor of the plaintiff, the reversal whereof is sought by the defendant below. For a proper understanding of the case as here presented a statement of the nature of the pleadings and history of the case is essential. The original petition alleged that the defendant is a mutual insurance company doing business in Nebraska for the purpose of insuring the employes of the Chicago, Burlington & Quincy Railroad Company; that one Harry Moore was in the employ of that company and had made application and been accepted into membership by the defendant, and had been thereby insured in the sum of $500; that he had paid the premiums required and had otherwise performed the obligations imposed upon him by the contract of membership; that he was thereafter killed while in the discharge of his duties as an employe of the railroad company, through the negligence of that company; that the plaintiff was thereafter duly appointed and qualified as administratrix of his estate. There were other averments not material to the present inquiries,

but there was no averment that by the terms of the contract the insurance was payable to Moore's personal representative.    The petition in this respect failed to state a cause of action.    After the return of the summons there was filed what purports to be a special appearance of T. M. Marquett and J. W. Deweese, apparently in their own right or as *amici curiæ*, objecting to the jurisdiction of the court because no summons had been served on the defendant according to law, and because the defendant named is not a corporation, company, or person, and has no legal existence, and is incapable of being sued.    This was supported by an affidavit as general in its terms as the appearance itself, except that it further avers that the relief association is merely "a department, as its name indicates, of the Chicago, Burlington & Quincy Railroad Company."    The objection to the jurisdiction was overruled, whereupon the Chicago, Burlington & Quincy Railroad Company filed a motion asking that it be substituted for the relief department for the same reasons.    This motion was overruled, and the defendant answered setting up the contract of insurance *in extenso* and pleading among other things the matter already urged by the special appearance, and also that by the terms of the contract no recovery could be had thereon where an action had been previously brought against the railroad company because of the same injury to the employe, and prosecuted to judgment, and that plaintiff had previously sued the railroad company, recovered judgment against it, and received full payment of that judgment.    This was followed by an order permitting the plaintiff to amend her petition, and an amended petition was filed, setting out the contract in more detail than before and alleging that the insurance was payable to the plaintiff, the mother of the deceased, as the beneficiary by him designated in pursuance of the rules of the department.    Defendant moved to strike this amended petition from the files because not an amendment in effect but a substitution of a new plain-

50

tiff and new cause of action. This motion was overruled and the case came on for trial without any answer or further appearance to the amended petition. At the opening of the trial the defendant objected to the introduction of any evidence in support of the amended petition on the same grounds as the last motion, and because it had not been served with any summons thereon, or appeared thereto. This objection was overruled, the case tried to the court and special findings entered, followed by a judgment for plaintiff. The order containing the judgment, and in fact all the entries in the case, run, so far as the caption is concerned, in the name of Charity E. Moore as administratrix, and the judgment is in favor of "the plaintiff," without designating her by name.

On this record the plaintiff in error argues four principal propositions: First, that the relief department has no independent existence, and that there was, and could be, no proper service of summons upon it; that therefore the court should have sustained the objection to the jurisdiction; second, that the relief department being, as it contends, merely a bureau of the railroad company, the court should have permitted the latter to be substituted as defendant; third, that the amended petition made a complete change of party plaintiff and cause of action, and was not an amendment, and should have been stricken from the record; and fourth, that by the terms of the contract the action and recovery against the railroad company, under Lord Campbell's Act, barred a recovery of the insurance. For reasons which will soon become obvious we shall not consider these questions in the order in which they are presented by the briefs or by the historical progress of the case, but shall first consider the second, and then the third.

The court certainly did not err in refusing to permit the railroad company to be substituted as the sole party defendant. The plaintiff had the absolute right to determine for herself whom she would sue. If she mistook her remedy, so much the worse for her on a trial of issues

properly framed, but the defendant she selected cannot complain because a stranger was not permitted, without plaintiff's consent, to take its place. It is true that in some cases, as where goods have been replevied from a sheriff, who has seized them upon execution, the Code expressly permits the plaintiff to the writ to be substituted for the officer, and it is also true that in some cases a stranger may be let in to defend,—as for instance a warrantor; but in the first class of cases the right is derived from an express and special statutory provision, and in the second the right is not to be substituted for the defendant, but merely to be let in to defend for, or with, him. In general, the plaintiff has the right to try conclusions with any defendant he may see fit to sue, at the peril of an absolute defeat if he selects one not legally liable. The peculiar reason given as ground for the motion in this case makes it possible that the case was treated as involving merely a misnomer of the defendant, but regarded in that light it should have been presented by answer, and no answer was made to the amended petition. This suggestion brings us to a consideration of the action of the court in refusing to strike the amended petition from the record and in proceeding with the case thereon.

It is no doubt true that it is improper, where no cause of action has been stated or proved in the original plaintiff, to permit, by amendment, the substitution of another plaintiff in whose favor a cause of action was stated and proved. (*Commercial State Bank of Crawford v. Ketcham*, 46 Neb., 568; *Flanders v. Lyon & Healey*, 51 Neb., 102.) But did the amended petition here work such a substitution? The original petition stated no cause of action in favor of the plaintiff, either in her own right or as administratrix, because it nowhere alleged that in either behalf had she been designated as the beneficiary. The only material amendments made were in alleging that she, in her own right, had been so designated, and in omitting from the caption her designation as adminis-

tratrix. It could hardly be doubted that an amendment by alleging insurance in favor of Moore's personal representative would have been a true amendment and not a change in the general scope and meaning of the petition. So, too, if the petition had stated in the first place that the plaintiff, in her own right, was the beneficiary, the description of her representative character in the caption would not be fatal. Such superadded words would be treated as *descriptio personæ*, and not as an essential traversable averment. (*Thomas v. Carson*, 46 Neb., 765; *Andres v. Kridler*, 47 Neb., 585.) It seems to be in accordance with the decided weight of authority to permit amendments under similar circumstances. In *Payne v. Furlow*, 29 La. Ann., 160, it was held that where one sued as a liquidating partner he might amend by claiming in his own right. So, too, where a suit was brought by plaintiff as executor, but the declaration averred a promise to the plaintiff personally, it was held a proper case for amendment. (*Bragdon v. Harmon*, 69 Me., 29.) One who sues as administrator of A may amend by alleging instead that he is administrator of B. (*Harkness v. Julian*, 53 Mo., 238. Where the defendant is sued in his capacity of administrator, plaintiff may amend by charging him individually, and this although the case was one where he was liable in either capacity at the election of plaintiff, the designation in the first petition not constituting a binding election. (*Becker v. Walworth*, 45 O. St., 169.) And where condemnation proceedings were brought in the name of the receivers of a railroad and it was held that they should be in the name of the corporation, it was deemed proper after verdict to permit the corporation to be added as a party plaintiff. (*Bigelow v. Draper*, 69 N. W. Rep. [N. Dak.], 570.) Nearly all the cases cited by the plaintiff in error are cases where there was an attempt to substitute an entirely different party, and the others are not like this in principle. Thus, *Hurst v. Detroit City R. Co.*, 84 Mich., 539, arose by reason of two statutes, the one being Lord Campbell's Act, and

the other providing that an action for personal injuries should survive. It was held, and with undoubted correctness, that the two causes of action were entirely distinct and that by amendment one could not be transformed into the other. This was not by raising a fiction whereby the administrator was considered different persons for the purposes of the two actions, but upon the ground of the real and necessary distinction between the objects and results of the two actions. *Miles v. Strong,* 60 Conn., 393, was in the first place a proceeding by an executor to obtain a construction of a will. It was sought by amendment to make it an action by the same person, but in his capacity of trustee, to quiet title to certain real estate. It is true that in the opinion it is said that the law regards the executor and the trustee as different persons, but that this fictitious difference did not control the decision is evident from the further statement that if A sue B, and it turns out that a cause of action is stated in C but not in A, C may be substituted,—a conclusion we are not prepared to indorse, but which took all force from the remark about the legal distinction in persons. The case really went upon the ground that the causes of action, not the parties, were different. In *Phillips v. Melville,* 10 Hun [N. Y.], 211, A in his lifetime had brought ejectment. He died and his widow was substituted by revivor. It turned out that the title had not been in her husband at all but in herself. Under these circumstances it was held that she could not amend by claiming in her own right. The right at the commencement of the action was the issue, and to permit her to come in after the accident of the original plaintiff's death had happened to unite both rights in the same individual, would be to permit the substitution of an entirely new cause of action. We should not unnecessarily create legal fictions. Charity E. Moore was not two persons because she had become the representative of a decedent. The change was not a substitution of plaintiffs, it was merely a change in the description of the capacity in

which the plaintiff claimed to be suing. Nor was the cause of action changed. The object of each petition was to recover upon the same contract of insurance. The change in this respect was merely in alleging to whom the insurance was payable, the original containing no allegation on the subject. We hold, therefore, that the amendment was such as our practice permits, and in such cases the allowance of amendments being largely in the discretion of the trial court, and no abuse of discretion appearing, that the assignment of error on this subject is not well taken.

The case having then properly been presented upon the amended petition, to which the defendant did not in any manner plead, the other questions argued cannot be considered. As to the objection to the jurisdiction, the facts upon which it was based did not appear from the petition, the summons, or the return. Treated as matter going to the jurisdiction of the person of the defendant, as plaintiff in error has apparently throughout treated it, it should have been raised by answer. (*Hurlburt v. Palmer*, 39 Neb., 158; *Anheuser-Busch Brewing Ass'n v. Peterson*, 41 Neb., 897; *Herbert v. Wortendyke*, 49 Neb., 182.) Treated as a plea of misnomer or in bar the same would be true. And so, too, of the defense arising by reason of the suit and recovery under Lord Campbell's Act. This was matter in bar by way of confession and avoidance, and required affirmative pleading by answer to present it. The plaintiff in error is in the attitude of having permitted the case to go by default after the petition was amended, staking the result upon the propriety of the amendment.

AFFIRMED.