No. 9415.

WILSON, ADMINISTRATRIX v. DENVER & RIO GRANDE RAILROAD COMPANY.

PLEADINGS—*Amendment*.  In an action by the widow of a railroad employe for the death of her husband, it developed that the railway company was engaged in interstate commerce, so that no action lay by the widow, but solely by the personal representative.  The cause being remanded, the widow, having been meantime appointed administratrix was permitted to amend her complaint, alleging her representative capacity, and the interstate character of the railway company.

*Error to Chaffee District Court, Hon. James L. Cooper, Judge.*

Mr. G. K. HARTENSTEIN and Mr. HARRY L. McGINNIS, for plaintiff in error.

Mr. E. N. CLARK, Mr. T. M. STUART and Mr. RALPH G. LINDSTROM, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

THIS action was commenced by the plaintiff as widow to recover damages for the alleged negligent killing of her husband, an employee of the defendant in error.  Judgment was recovered and upon review this judgment was set aside.  *Denver v. Rio Grande R. R. Co. v. Wilson*, 62 Colo. 492, 163 Pac. 857.

It developed on the former hearing that the defendant was, at the time engaged in interstate commerce, and it was held by this court that recovery could not be had by plaintiff as widow of deceased as provided by the Colorado statute, but that the action must be by a personal representative of the deceased, as provided by the Federal Employers Liability Act, under which act alone the action may be prosecuted.

In the District Court, the plaintiff was permitted to and did amend her complaint in the material particulars only, that the amended complaint fixed the relationship of the plaintiff to the deceased as administratrix of the estate, instead of as widow, to comply with the Federal statute in that respect, and with the further allegation that the defendant was engaged in interstate commerce at the time of the accident. In all other material particulars the amended complaint is the same as the original complaint in the statement of facts.

The defendant moved to strike the amended complaint from the files upon the following grounds: "That said amended complaint pleads a cause of action which arises under and solely by virtue of the provisions of an Act of Congress of the United States known generally as the Federal Employers' Liability Act; that said cause of action so plead in said amended complaint is a new, different, independent, separate and distinct cause of action from that plead in the original complaint in this action and is brought by a different party plaintiff; that said amended complaint attempts by way of amendment to plead a new, different, independent, distinct and separate cause of action from that plead in the original complaint." This motion was sustained and the cause dismissed, the court holding that the amended complaint constituted a new cause of action, and was therefore barred by the two years' limitation provided in the Federal Statute. This judgment is before us for review.

On the former hearing we said: "The death of plaintiff's husband, through the negligence of defendant, its

officers, agents or servants, constitutes the cause of action, if any. If the facts establish a case the defendant would be liable in damages therefor either to the plaintiff in her individual capacity, or to the personal representative of deceased, depending in that regard upon whether the employe was at the time engaged in *intra* or interstate commerce. It has been held that a plaintiff suing in her individual capacity under the state law, may amend her complaint by making herself a party plaintiff as the personal representative of deceased and alleging the cause of action under both the state and federal statutes. *Missouri, etc., R. R. Co. v. Wulf, supra; Koennecke v. Seaboard Ry. Co., supra; Vaughn v. St. Louis & S. F. R. Co., supra.*

In the instant case, however, there was no attempt to amend the complaint and the question, therefore, is not before us for determination. If the plaintiff has rights in that regard she is not to be foreclosed by that which is said herein." This must be held to be the law in this case, and therefore we must hold as there declared, that the death of plaintiff's husband, through the negligence of defendant, its officers, agents, or servants, constitutes the cause of action, and that if the facts establish a case, the defendants are liable in damages therefor, either to the plaintiff in her individual capacity, or to the personal representative of deceased, depending in that regard upon whether the employer was at the time engaged in intra-state or inter-state commerce. The facts alleged in the amended complaint being identical with the facts in the complaint there considered, must under such ruling be held to be the same cause of action, and not a new and different cause of action as contended by the defendant in error. The cases cited in the former opinion are conclusive of the question.

In *M. K. & T. Ry. Co. v. Wulf,* 226 U. S. 570, 57 L. Ed. 355, 33 Sup. Ct. 135, Am. Cas. 1914B, 134, cited, the action was instituted in the United States Circuit Court, and as in this case, reliance was had on the state statute. The court allowed an amendment of the petition so as to permit the plaintiff to appear as the per-

sonal representative of the deceased.  The Supreme Court, speaking through Mr. Justice Pitney, said:  "The argument for reversal rests wholly upon the mode of procedure followed in the Circuit Court.  It is contended that the plaintiff's original petition failed to state a cause of action, because she sued in her individual capacity and based her right of recovery upon the Kansas statute, whereas her action could legally rest only upon the Federal Employers' Liability Act of 1908, which requires the action to be brought in the name of the personal representative of the deceased; that the plaintiff's amended petition, in which for the first time she set up a right to sue as administratrix, alleged an entirely new and distinct cause of action, and that such an amendment could not lawfully be allowed so as to relate back to the commencement of the action, inasmuch as the plaintiff's cause of action was barred by the limitation of two years before she undertook to sue as administratrix.

It seems to us, however, that, aside from the capacity in which the plaintiff assumed to bring her action, there is no substantial difference between the original and amended petitions.  In the former, as in the latter, it was sufficiently averred that the deceased came to his death through injuries suffered while he was employed by the defendant railroad company in interstate commerce; that his death resulted from the negligence of the company and by reason of defects in one of its locomotive engines due to its negligence; and that since the deceased died, unmarried and childless, the plaintiff, as his sole surviving parent, was the sole beneficiary of the action.  It is true the original petition asserted a right of action under the laws of Kansas, without making reference to the act of Congress.  But the court was presumed to be cognizant of the enactment of the Employers' Liability Act, and to know that with respect to the responsibility of interstate carriers by railroad to their employes injured in such commerce after its enactment it had the effect of superseding state laws upon the subject. *Second Employers' Liability Cases,* 223 U. S. 1, 53.  There-

fore the pleader was not required to refer to the Federal Act, and the reference actually made to the Kansas statute no more vitiated the pleading than a reference to any other repealed statute would have done.

It is true that under the Federal statute the plaintiff could not, although sole beneficiary, maintain the action except as personal representative. So it was held in *American Railroad Co. v. Birch*, 224 U. S. 547. But in that case there was no offer to amend by joining or substituting the personal representative, and this court, while reversing the judgment, did so without prejudice to such rights as the personal representatives might have. The decision left untouched the question of the propriety of such an amendment as was applied for and allowed in the case before us; an amendment that, without in any way modifying or enlarging the facts upon which the action was based, in effect merely indicated the capacity in which the plaintiff was to prosecute the action. The amendment was clearly within § 954, Rev. Stat.

Nor do we think it was equivalent to the commencement of a new action, so as to render it subject to the two years' limitation prescribed by § 6 of the Employers' Liability Act. The change was in form rather than in substance. *Stewart v. Baltimore & Ohio Railroad Co.*, 168 U. S. 445. It introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the suit. *Texas & Pacific Ry. Co. v. Cox*, 145 U. S. 593, 603; *Atlantic & Pacific R. Co. v. Laird*, 164 U. S. 393, 395. See also *McDonald v. State of Nebraska*, 101 Fed. Rep. 171, 177, 178; *Patillo v. Allen-West Commission Co.*, 131 Fed. Rep. 680; *Reardon v. Balakala Consol. Copper Co.*, 193 Fed. Rep. 189."

To the same effect is: *Phifer v. Abbott*, 69 Fla. 162, 67 South. 917; *Pugmire v. Diamond Coal Co.*, 26 Utah 115, 72 Pac. 385; *Myers v. Chicago R. Co.*, 152 Iowa 330, 131 N. W. 770; *Schneider-Davis Co. v. Brown* (Tex. Civ. App.), 46 S. W. 108; *Burlington Voluntary Relief v. Moore*, 52 Neb.

719, 73 N. W. 15; *Wood v. Lenawee Circuit Judge,* 84 Mich. 221, 47 N. W. 1103; *Vaughan v. St. Louis & S. F. R. R. Co.,* 177 Mo. App. 155, 164 S. W. 144; *Hardy v. Woods,* 33 S. D. 416, 146 N. W. 568, Ann. Cas. 1916C, 398.

The judgment is reversed with instructions to proceed in accordance with the views herein expressed.

Garrigues, C. J. and Denison, J. concur.