Curia.

The execution of the bond is admitted, and the bar does not show a performance of the condition, or a release of it, or any illegality in the consideration. The substance of the bar is that the coroner made the replevin against law, Neal not having a right to sue this writ against Flagg, because Flagg had attached the goods as Neal’s in a suit against him. On the facts disclosed by the plea, the coroner ought not to have made the replevin, and the attorney, who granted the writ, if he was privy to all these facts, acted very improperly. The bond is on condition that Neal should prosecute his replevin to final judgment, pay the damages and costs, and return the goods, if judgment should be against him. The writ was in fact served, and the goods were replevied and delivered to Neal; and the condition has not been performed. Now, it is manifest that Neal, the principal, cannot be admitted to say in his defence, that he sued his writ against law, and that his directions to the coroner, and his obedience to them, were unlawful.
If, therefore, Neal is answerable on his bond, so must his surety be, who voluntarily executed the bond, that Neal might obtain the goods, and who agreed to be responsible, if the action was not prosecuted, and a return made, if judgment should be rendered for a return. And that the defendant in replevin may have the remedy intended by the statute * in directing the [ * 305 ] bond, if the goods are in fact replevied, and taken from his custody, whether by right or by wrong, and he has a judgment *268 which is not satisfied, or if the plaintiff in replevin fail to prosecute, the obligors are answerable on their bond.
Ward, for the plaintiff.
The plea in bar is bad, and the plaintiff must have judgment (1).

 [Vide Flagg vs. Tyler, 6 Mass. 33.—Wheeler vs. Train, 4 Pick. 168.—Ed.]