WILLIAM F. McDERMOTT, Respondent, v. DAVID L. ISBELL, B. W. OWENS and HUGH FORSMAN, Appellants.

[1] Replevin Bond insufficient Defense.—In an action on a replevin bond, the fact that the defendant had commenced his action before a tribunal incompetent to try the matter in dispute, is no defense, and the plea that the title to the property so replevied is in him, is bad.

Appeal from the Fifth Judicial District.

This was a suit upon a replevin bond for $1,500. The complaint alleges that the bond was conditioned to prosecute a replevin suit, before a Justice of the Peace, of said

---

[1] Cited in                        2 Or. 319.

Isbell against McDermott for a wagon and three yoke of oxen, or their return, in case of judgment against Isbell; that the property was delivered to Isbell under the process of the Justice, on the execution of the bond; that the Justice decided he had no jurisdiction of the action, and entered a judgment that the property be restored to McDermott; and that Isbell had failed to restore the property to the pliantiff.

The defense to the action is stated in the opinion of the Court.

There was a verdict for plaintiff for $750, and judgment accordingly, from which the defendants appealed.

*E. W. F. Sloan,* for Appellants.

*D. W. Perley,* for Respondent.

[114]      *Mr. Ch. J. Murray delivered the opinion of the Court. Mr. J. Heydenfeldt and Wells concurred.

It has been frequently held by this Court that a party who avails himself of the process of an inferior Court, cannot escape the responsibility of his own act, upon the ground that such tribunal had no jurisdiction over the subject matter in controversy.

Consequently, a party who sues out a writ of replevin from a Justice of the Peace having no jurisdiction, and obtains the property, in an action on the replevin bond cannot set up as a defense the want of the jurisdiction of the Justice.

Neither can he be allowed to show that the property so replevied was his own. The conditions of the bond are to prosecute the suit with success, or return the property. The fact that the defendant had commenced his action before a tribunal incompetent to try the matter in dispute is no defense, and the plea that the title to the property so replevied was in him, is bad, and was properly stricken out by the Court. (See *Flagg* v. *Tyler,* 3 Mass. 303; *Gibbs* v. *Bartlett,* 2 Watts & S. 29.

Judgment of the Court below affirmed.