BYRON D. PIERCE *vs.* JOHN B. KING.

The condition of a replevin bond was that the plaintiff in replevin should prosecute the writ to final judgment, pay such damages and costs as the defendant might recover against him, and restore the same goods and chattels in like good order and condition as when taken, in case such should be the final judgment on the writ. The replevin writ, upon its face good, was dismissed on appeal for want of jurisdiction in the court below from which it issued.

*Held*, that there had been a breach of the conditions of the bond.

*Held*, further, that to satisfy the conditions of the bond, the plaintiff in replevin must prosecute the writ to a final judgment on the merits of the case, affirming his own right of possession or ordering a return and restoration to the defendant.

DEBT on a replevin bond. On demurrer to the declaration.

*Providence, December* 31, 1884. CARPENTER, J. This is debt on a replevin bond, the condition whereof is that the plaintiff in replevin shall prosecute said writ of replevin to final judgment, and pay such damages and costs as the said Byron D. Pierce shall recover against him, and shall return and restore the same goods and chattels in like good order and condition as when taken, in case such shall be the final judgment on the writ. The declaration alleges that the replevin writ was sued out of the Justice Court of Coventry, and was entered in that court, and such proceedings were had that on appeal to the Court of Common Pleas the case was dismissed for want of jurisdiction in the Justice Court; and that the plaintiff in replevin has not made return of the goods and chattels replevied. The replevin writ as described in the declaration shows, on the face of it, jurisdiction in the court to which it was returnable. The defendant demurs, and argues that the condition of the bond is satisfied by the judgment dismissing the writ for want of jurisdiction. We think, however, that in order to satisfy the condition of the bond the plaintiff in replevin must prosecute his writ to a final judgment on the merits, so as either to determine a right of possession in himself or to direct a return and restoration to the defendant. It seems to us that this construction necessarily follows from a consideration of the pur-

pose for which the bond is given. The writ directs the sheriff to take the chattel from the possession of the defendant and to deliver it to the plaintiff, who claims the right of possession. The purpose of the bond is to secure the defendant in his right to the chattel if any he have. The plaintiff assumes the burden of proving a right of possession in himself, and if he fail to establish such right there results from such failure the duty on his part to put the defendant in the same condition in which he was before the suit, by restoring the chattel, and thence results the corresponding right of the defendant to have such restoration. It therefore seems clear that the security of the defendant will not be commensurate with his rights unless it protects him from loss in all such cases in which the plaintiff shall fail to establish his alleged right. The process of replevin, including the substance of the bond to be taken, is prescribed by the statute; and the statute must, if possible, be so construed as completely to carry out the purpose thereof, and at the same time so as to do complete justice to all parties concerned. We find no difficulty in making such a construction in this case.

This view of the true intent and meaning of the condition of the bond appears to be well supported by authority. In cases where the condition of the bond is substantially the same as that prescribed in our statute, the language has received the same construction, which seems to us both reasonable and necessary. *Flagg* v. *Tyler*, 3 Mass. 303 ; *Roman* v. *Stratton*, 2 Bibb, 199 ; *McDermott* v. *Isbell*, 4 Cal. 113 ; *Mills* v. *Gleason*, 21 Cal. 274 ; *Sherry* v. *Foresman*, 6 Blackf. 56 ; *Berghoff* v. *Heckwolf*, 26 Mo. 511 ; *Wiseman* v. *Lynn*, 39 Ind. 250 ; *Persse* v. *Watrous*, 30 Conn. 139.

*Demurrer overruled.*

*John J. Arnold*, for plaintiff.
*Dexter B. Potter*, for defendant.