### MINNIE A. FITZGERALD *vs.* THOMAS A. FITZGERALD.

Hampden.    December 5, 1922. — February 26, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Husband and Wife,* Separate maintenance. *Probate Court,* Appeal.

Where, upon an appeal from a decree of the Probate Court for the petitioner in a petition by a wife for separate maintenance and control of the children of the parties, the record includes findings of fact by the judge but no report of evidence, the findings of fact are final and the only question open is whether as matter of law the decree conforms to the petition and could rightly have been entered on the facts found.

Upon the hearing of a petition by a wife under G. L. c. 209, § 32, for separate maintenance, the following facts appeared: The petitioner and the respondent were owners as tenants by the entirety of a two tenement house and its curtilage worth several thousand dollars and having a substantial value above a mortgage. One tenement was rented for $40 per month and the other, prior to the time when the petitioner was compelled to leave the respondent by reason of his habits and conduct, was occupied by the parties and their children as a home. The husband collected the revenue from the rented tenement and proposed to continue to occupy the other tenement himself and refused to allow his wife and children to live there or to support them there. He declined to find a place for himself elsewhere. The children were a son seventeen years old and two minor daughters, one of whom was attending a State normal school. The mother and children were forced to find a home elsewhere and to obtain sufficient furniture to enable them to live respectably. The children were kept well

dressed but the petitioner was in need of clothing. The respondent was a street railway conductor whose regular wage was $36.72 per week. A decree was entered giving custody of the children to the petitioner and directing the respondent to pay her $500 forthwith and $30 each week. *Held*, that the decree was warranted by the facts found.

PETITION, filed on February 28, 1922, in the Probate Court for the county of Hampden under G. L. c. 209, § 32, seeking separate maintenance and custody of the children of the petitioner and of the respondent.

In the Probate Court, the petition was heard by *Long*, J., by whose order a decree was entered granting custody of the children to the petitioner and ordering the respondent to pay to her for her and their support $500 forthwith and $30 per week. At the request of the respondent, the judge reported the facts found by him. Material facts so reported are described in the opinion. There was no report of evidence. The respondent appealed.

The case was submitted on briefs.

*J. F. Jennings & W. P. Jennings*, for the respondent.

*W. P. Hayes*, for the petitioner.

RUGG, C. J. This is a petition by a wife for separate support and custody of minor children brought against the husband on February 28, 1922. A decree was entered in the Probate Court on April 11, 1922, awarding to the petitioner the custody of the three minor children of the marriage, prohibiting the husband from imposing any restraint on the personal liberty of the petitioner and ordering him to pay to her for the support of herself and the children the sum of $500 and the further sum of $30 on each and every Tuesday until the further order of the court. G. L. c. 209, § 32. The only question argued by the respondent on his appeal is that the sums required by the decree to be paid by him to his wife are clearly and as matter of law excessive and ought to be reduced.

The material facts found by the judge of probate under G. L. c. 215, § 11, in this particular are that the petitioner and the respondent are owners as tenants by the entirety of a two tenement house and its curtilage worth several thousand dollars and having a substantial value above a mortgage. One tenement is rented for $40 per month and the other, prior to the time when the petitioner was compelled to leave the respondent by reason of his habits and conduct, was occupied by the parties hereto and their

children as a home.  The husband collects the revenue from the rented tenement and proposes to continue to occupy the other tenement himself and refuses to allow his wife and children to live there or to support them there.  He declines to find a place for himself elsewhere.  The children are a son seventeen years old and two minor daughters one of whom is attending a State normal school.  The mother and children have been forced to find a home elsewhere and to obtain sufficient furniture to enable them to live respectably.  The children have been kept well dressed but the petitioner is in need of clothing.  The respondent is a street railway conductor whose regular wage is $36.72 per week.

Practice in appeals from the Probate Court follows equity, so far as practicable and applicable.  *Churchill* v. *Churchill*, 239 Mass. 443, 445.

The findings of fact made by the judge of probate must stand as final because no evidence is reported.  The only question open is whether as matter of law the decree conforms to the petition and could rightly have been entered on the facts found.  *O'Brien* v. *Gove*, 208 Mass. 325.  *Gordon* v. *Borans*, 222 Mass. 166.  We are of opinion that it cannot be held to have been unwarranted by the facts.  It was vain extravagance for the respondent to insist upon occupying for his use a tenement presumably of a rental value of about $40 per month, where by reason of his own misconduct his wife and children could not live, unless he was able to support them elsewhere according to his station in life.  Such action on his part was unjustified and rightly might be so treated in fixing the amount to be paid by him.  He was chargeable therefore with an income slightly in excess of $55 per week.  It does not appear that expenditures on the house were required in the near future for repairs, taxes, interest or insurance.  Therefore those cannot be taken into account on this record.  Application can be made for modification of a decree like the present when circumstances require.  While the amounts ordered to be paid seem large, it is to be observed that they are for the support of four fifths of the family of the respondent.

                                              *Decree affirmed.*