### CLARE A. BURKE *vs.* VINCENT P. BURKE.

Middlesex. December 5, 1930, January 5, 1931. — January 7, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Probate Court*, Separate maintenance, Interrogatories, Requests and rulings, Appeal.

No question of law was raised and no error was shown on an appeal from a decree of a probate court denying a petition in which a man alleged that he and his wife no longer were living apart for justifiable cause and sought a modification of a previous decree adjudging that they were so living apart and ordering certain payments by the man for the support of his wife and child, where evidence taken by a stenographer appointed under G. L. c. 215, § 18, as amended, warranted findings by the judge of probate that there had been no change in the parties' circumstances since the date of the previous decree, except the birth of another child; that the husband had humiliated his wife by refusing to be responsible for her expenses in confinement; that, in addition to the reasons previously existing, the wife refused to live

with the husband because of such conduct, of his lack of interest in her and the children and of his want of affection; and that all these things resulted in fear on her part that to return to him would endanger her health and happiness.

The husband filed certain requests for rulings at the hearing of the petition above described, which were refused by the judge of probate under a date about a month after the date of the decree denying the petition. This court, being of opinion that the requests properly were refused, *held* that the husband was not prejudiced by any delay in filing the order refusing them.

The husband at the hearing above described offered in evidence the answer to one of several interrogatories propounded by him to the wife. The judge, in admitting such answer in evidence, ruled that the answers to all the other interrogatories should be admitted. *Held*, that no error was shown in said ruling.

PETITIONS, filed by Clare A. Burke on May 1, 1930, and by Vincent P. Burke on May 9, 1930 in the Probate Court for the county of Middlesex, seeking modification of a previous decree, described in the opinion, for the separate maintenance of her and of their minor child.

The petitions were heard together by *Leggat*, J., a stenographer having been appointed under G. L. c. 215, § 18, as amended. Vincent P. Burke offered in evidence the answer by Clare A. Burke to one of twenty-four interrogatories propounded to her by him; and the judge, in admitting that answer, ruled that all the other answers should be admitted. Among the rulings requested by Vincent P. Burke and refused by the judge were the following:

"2. Unless the court finds as a fact that the petitioner would be guilty of conduct which would cause his wife injury, or there was such a reasonable fear of danger on the part of the wife to her physical health or safety by returning to live with him, it is the duty of the wife to resume cohabitation with her husband."

"4. The reasons assigned by the wife for being unwilling to resume cohabitation with the petitioner, as set forth by the wife in answer to interrogatory number 19, do not, as a matter of law, justify the wife in living apart from the husband for a justifiable cause."

"6. There is no evidence that will justify a finding of fact by the court that the wife's mental and physical condi-

tion, at the time of the hearing, is such as will justify the wife in refusing to resume cohabitation with the petitioner.

" 7. There is no evidence from which the court can now find as a fact that the wife is living apart from her husband for a justifiable cause."

Material facts found by the judge and a decree entered on the petition of Clare A. Burke are described in the opinion. He denied the petition of Vincent P. Burke, who appealed from such denial.

*H. L. Clark & R. E. Keating,* for the petitioner, submitted a brief.

*J. F. Gadsby,* for the respondent.

CARROLL, J.   The petition in the suit of Clare A. Burke against Vincent P. Burke for modification of decree alleges that by a decree of January 29, 1929, the care and custody of the minor child of the petitioner and the respondent were given to the wife, and the husband was ordered to pay $30 a week for the support of herself and child (see *Burke* v. *Burke,* 270 Mass. 449); that on June 3, 1929, another child, Clare E. Burke, was born to the petitioner. The prayers of the petition are that the care and custody of Clare E. Burke be awarded to the mother; and that the defendant be ordered to pay an additional sum for support and maintenance. The petition of the husband alleges that the parties are no longer living apart for justifiable cause; that the decree of January 29, 1929, should be modified. The judge found that the wife is living apart for justifiable cause; he ordered and decreed that the care and custody of Clare E. Burke be given to the mother, and that the weekly payments of $30 be continued. The petition of the husband was denied. The husband appealed.

The judge found that the husband is of a stubborn and obstinate nature; that he ignored his wife when he visited the children and has done nothing to bring about a reconciliation with her; that during the wife's confinement he paid no attention to her.

There is no question of law in this case. The conduct of the parties was purely a question of fact. There was

evidence fully supporting the judge's finding. The argument of the husband presents largely questions of fact. We do not think it necessary to consider the cases cited in his brief. They give no indication that the judge was wrong in deciding as he did.

The request for rulings asked for by the husband were refused properly. The facts as found by the judge were that there was no change in the conditions and circumstances from those existing at the date of the original decree, except the birth of the child; that while the wife was in the hospital the husband notified the hospital that he would not be responsible for any indebtedness contracted by her and this notice was brought to the wife's attention while still a patient, causing her great embarrassment, humiliation and mental suffering; that in addition to the reasons existing at the previous hearing, the wife refused to live with the husband because of his conduct in refusing to pay the expenses of her confinement, and of his lack of interest in her and the children and his want of affection; that all these things resulted in fear on her part that to return to him would endanger her health and happiness. These findings dispose of the husband's second request.

The fourth request of the husband was refused properly, as were the other requests.

The order dismissing the husband's petition was dated June 23, 1930. The report of the findings of material facts is dated July 24, 1930, and on this date the requests of the husband for rulings were denied. As there was no error of law in refusing the requests, the husband was in no way harmed by the delay, if there were delay in filing the order denying them, or by the ruling admitting all the interrogatories. There was no error in the conduct of the hearing.

The order dismissing the petition of Vincent P. Burke and the final decree are affirmed.

*Ordered accordingly.*