VIRGINIA M. HEATH *vs.* HENRY S. HEATH
(and a companion case [1]).

Essex.    October 5, 1949. — December 13, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Husband and Wife*, Separate support.

Findings by a judge of probate that conduct of a husband contributed to a nervous and emotional illness on the part of his wife supported a conclusion that she was living apart from him for justifiable cause and made proper a decree in her favor on a petition by her under G. L. (Ter. Ed.) c. 209, § 32, and also a decree dismissing a petition by him under that statute.

Two PETITIONS, filed in the Probate Court for the county of Essex on October 8, 1946, and January 21, 1948, respectively.

The cases were heard by *Costello, J.*

*J. J. Foley & W. E. Carey*, for Henry S. Heath, submitted a brief.

*C. L. Arnold*, (*G. R. Morgan* with him,) for Virginia M. Heath.

COUNIHAN, J. There are two petitions: one for separate

---

[1] The companion case is by Henry S. Heath against Virginia M. Heath.

support, by the wife, alleging that she is living apart from her husband and specifying cruel and abusive treatment as the justifiable cause, G. L. (Ter. Ed.) c. 209, § 32; and one by the husband alleging that his wife has deserted him and that he is living apart for justifiable cause. After a full hearing in the Probate Court a decree was entered on the petition of the wife, that for justifiable cause she was actually living apart from her husband, giving her the custody of their four minor children, and awarding support for the wife and minor children. The petition of the husband was dismissed. He appeals from both decrees.

The judge made a finding of material facts. G. L. (Ter. Ed.) c. 215, § 11. The evidence is reported.

It has been established by numerous decisions of this court that the findings of a judge will not be reversed unless plainly wrong. *O'Reilly* v. *O'Reilly*, 293 Mass. 332, 333. *Goren* v. *Goren*, 310 Mass. 284, 285. *White* v. *White*, 322 Mass. 30, 31. *Whitney* v. *Whitney*, *ante*, 28.

The judge found that the wife was suffering from extreme nervousness and was emotionally upset; that she was very nervous, had tremor of the hands and frequent crying spells, and could not sit for any length of time without becoming emotionally upset; and that on several occasions she was treated by a doctor for this same condition. He further found that conduct on the part of her husband contributed to her nervous and emotional illness. A careful examination of all the evidence amply supports the findings of the judge. *Burke* v. *Burke*, 270 Mass. 449, 454. *Rudnick* v. *Rudnick*, 288 Mass. 256, 257. *Bradford* v. *Bradford*, 296 Mass. 187, 189. Since the decree that the wife was living apart for justifiable cause was rightly entered, there is no basis for the petition of her husband.

There was no error.

Costs and expenses of these appeals may be allowed to Virginia M. Heath or her counsel in the discretion of the Probate Court. G. L. (Ter. Ed.) c. 208, § 38, as appearing in St. 1933, c. 288.

*Decrees affirmed.*