YVONNE J. HOLLAND *vs.* JOSEPH F. HOLLAND
(and a companion case [1]).

Middlesex.    December 5, 1957. — January 8, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Husband and Wife,* Separate support.    *Supreme Judicial Court,* Question
not argued.

There was no error in a determination by the Probate Court in a separate
support proceeding that the wife was living apart from the husband
for justifiable cause where it appeared that he was to blame for long
continued conditions within their home which seriously affected her
health and caused her to leave. [621–622]

This court declined to pass upon a matter which may have been in con-
troversy in a Probate Court and was formally stated as an issue in the
brief of the appellant but which was not argued therein. [622]

Two PETITIONS, filed in the Probate Court for the county
of Middlesex on March 14, 1956, and February 20, 1956,
respectively.

The cases were heard by *Leggat,* J.

*Francis C. Zacharer,* for Joseph F. Holland.

*Leonard Novick,* for Yvonne J. Holland.

WHITTEMORE, J.    These were cross petitions in the Pro-
bate Court for decrees of living apart for justifiable cause
under G. L. (Ter. Ed.) c. 209, § 32, as amended by St. 1938,
c. 136.    The husband has appealed from a decree on the
wife's petition which specified cruel and abusive treatment,
and ordered that the husband pay $25 a week for the wife's
support, and from a decree dismissing the husband's petition,
which alleged that the wife had left home and refused to
return.    There is a report of findings of fact made pursuant
to the husband's request.    G. L. (Ter. Ed) c. 215, § 11, as
amended by St. 1947, c. 365, § 3.    On the reported facts it

---

[1] The companion case is by Joseph F. Holland against Yvonne J. Holland.

could reasonably be found that the husband was to blame for long continued conditions within the home which seriously affected the wife's health and caused her to leave, but with a willingness to return to a home maintained under different conditions. No error is shown in the determination that the wife was living apart for justifiable cause. See *Lyster* v. *Lyster,* 111 Mass. 327; *Watts* v. *Watts,* 160 Mass. 464, 467, 468; *Burke* v. *Burke,* 270 Mass. 449, *S. C.* 274 Mass. 182; *Bradford* v. *Bradford,* 296 Mass. 187; *Cochrane* v. *Cochrane,* 303 Mass. 467, 470–471; *Heath* v. *Heath,* 325 Mass. 126.

The issue of the adequacy of the facts to support the order to pay $25 a week, although formally stated as an issue in the husband's brief, is not argued therein.[1] It is not clear that there was any controversy in the Probate Court in respect thereof. The husband's petition prayed that the court make "such order as it deems expedient" concerning the wife's support. The findings show that the husband was in court and testified. The only possibly relevant findings are these: The wife was under a doctor's care for a nervous condition having gone from a weight of one hundred seventeen pounds to eighty-one pounds, and the husband in 1954, with his sisters, bought a two tenement house. In the circumstances we do not decide the unargued question (Rule 13 of the Rules for the Regulation of Practice before the Full Court [1952], 328 Mass. 698) of whether in the light of the husband's obligation to support (*Brookfield* v. *Allen,* 6 Allen, 585, 587; *Commonwealth* v. *Pouliot,* 292 Mass. 229; G. L. [Ter. Ed.] c. 273, § 1, as amended by St. 1954, c. 539) and his liability for necessaries (*Fisher* v. *Drew,* 247 Mass. 178, 182) the facts found would in the circumstances support the order in this respect. See *Fitzgerald* v. *Fitzgerald,* 244 Mass. 61; *Commonwealth* v. *Whiston,* 306 Mass. 65, 66; *Coe* v. *Coe,* 313 Mass. 232, 235–236; *Whitney*

---

[1] In contending that a decree on the wife's petition was not justified on the statutory ground of failure to support, the husband's brief does specify the absence of findings of the husband's ability to support, or to work and earn, and his income.

v. *Whitney,* 325 Mass. 28, 30. Compare *Topor* v. *Topor,* 287 Mass. 473. We have in mind that application may be made for modification of such a decree when the circumstances require. See *Fitzgerald* v. *Fitzgerald, supra.*

> *Decrees of the Probate Court affirmed.*