PEARL A. VERDONE *vs.* JOHN P. VERDONE. February 5, 1963. Decree affirmed. This is an appeal from a dismissal without prejudice, of a peti-

---

[1] The companion case is by Sadie Scanlon Ryan against Sarina Faro Warden & others.

tion in equity brought to determine title to certain real and personal property. The parties, husband and wife, had been separated by a decree of the Probate Court. Thereafter, a first petition to determine title brought by the petitioner herein was succeeded by a substituted petition to which a demurrer, filed on grounds of multifariousness, was sustained. There followed this petition. Interrogatories were filed by both parties but not answered by either. The respondent filed an answer, a demurrer, and a motion to amend his answer. No action had been taken on the demurrer or the motion to amend the answer when the petitioner moved for an order dismissing her petition. See *Kempton* v. *Burgess,* 136 Mass. 192. The motion was allowed. The matter is governed by *Hollingsworth & Vose Co.* v. *Foxborough Water Supply Dist.* 171 Mass. 450. It was therein stated at p. 451, "The plaintiff can have his bill dismissed, as a matter of absolute right, without a decision upon the merits, if no decree or order has been entered in the case." That is the situation here. Nothing has occurred in this case which entitles the respondent, on equitable grounds, to have the suit finally disposed of on the merits. The parties are essentially in the position in which they were when suit was commenced. See *Bolton* v. *Van Heusen,* 249 Mass. 503; *Gulesian* v. *Newton Trust Co.* 302 Mass. 369. That the respondent in his answer may have alleged a counterclaim does not serve to change this position. *Shea* v. *Lexington,* 290 Mass. 361, 373. The counterclaim is unaffected. *Bordonaro* v. *Vandenkerckhaven,* 322 Mass. 278, 282.

*George P. Lordan* for the respondent.

*James D. St. Clair* for the petitioner.