PEARL A. VERDONE *vs.* JOHN P. VERDONE.

Middlesex.   May 29, 1963. — June 21, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Husband and Wife,* Separate support.   *Probate Court,* Hearing.

On the record of a proceeding by a wife in a Probate Court for modification of a previous decree for separate support, a decree leaving unchanged the total monthly amount required by the previous decree to be paid by the husband to the wife for the support of her and the parties' son, but adding a provision requiring the husband to pay also "all expenses for all reasonable psychiatric treatment" for the son, who was mentally retarded, was not to be disturbed on appeal by the wife. [263–265]

The right of a wife to a full and complete hearing in a Probate Court on her petition for modification of a previous decree for separate support was not shown by the record to have been unduly restricted.   [265]

PETITION for separate support filed in the Probate Court for the county of Middlesex on August 1, 1960.

A decree was entered on the petition on December 15, 1960.   On January 15, 1962, the petitioner filed a petition for modification of that decree.   She appealed from a decree by *McMenimen,* J., on the petition for modification.

The case was submitted on briefs.

*Harry M. Lack* for the petitioner.

*George P. Lordan* for the respondent.

REARDON, J.   This is an appeal from a decree entered by the Probate Court on a petition for modification of a decree for separate maintenance filed by the petitioner against her husband.   The evidence is reported and the judge made a report of material facts.   The parties were married in 1923.   In 1960, the petitioner filed for separate support in the Probate Court for Middlesex County alleging that the respondent husband had been guilty of cruel and abusive treatment and sought an order concerning her support and "the care, custody and maintenance of her ill son, John P. Verdone, Jr."   Following a hearing, a decree was entered

on December 15, 1960, granting the petition and awarding the petitioner for the support of herself and her son the sum of $1,000 monthly. Thereafter, in 1961, she brought a petition in the same court to determine title in certain real estate, stocks, bonds, and bankbooks standing in the name of her husband. She later discontinued this proceeding, an appeal was taken here, and in *Verdone* v. *Verdone,* 345 Mass. 773, her right to discontinue was upheld by us. In January, 1962, she brought this petition for modification alleging that "the financial and other circumstances of your petitioner and respondent have greatly and materially changed so that the petitioner is unable to meet her current obligations and expenses." After hearing, the decree of December 15, 1960, was modified by an order for the monthly payment by the husband of the sum of $500 for the support of the petitioner and $500 for the support of their son, "plus all expenses for all reasonable psychiatric treatment" for the son. The petitioner contends that the decree of the trial judge was plainly wrong on the evidence and the law and that there was error in the exclusion by the trial judge of certain evidence relating to the net worth, income, and holdings of the husband.

"The findings of the judge are not to be reversed unless plainly wrong, but all questions of law, fact, and discretion are before us and we may make such additional findings as are supported by the evidence." *Wilson* v. *Wilson,* 329 Mass. 208, 209. *Whitney* v. *Whitney,* 325 Mass. 28. In this case, the principles governing the award of alimony upon a libel for divorce are, in general, to be followed. *Coe* v. *Coe,* 313 Mass. 232, 235, and cases cited. The determination of the amount to be allowed rests largely in the discretion of the trial judge and is that amount which is "just and reasonable upon all the circumstances of the case." *Graves* v. *Graves,* 108 Mass. 314, 318, 321. *Coe* v. *Coe, supra,* 235. *Sack* v. *Sack,* 328 Mass. 600, 604. The circumstances include "the necessities of the wife, the pecuniary resources of the husband, the condition in life of the parties, their mode of living, and their conduct." *Wil-*

*son* v. *Wilson,* 329 Mass. 208, 211. *Hillery* v. *Hillery,* 342 Mass. 371, 372-373. However, the allowance is not to be governed with a view to the division of their properties or of the property of the husband, but solely for support. See *Coe* v. *Coe,* 313 Mass. 232, 235.

In this instance, the judge found that the petitioner was well provided for under the terms of the original order and was not hard pressed to meet her obligations. His modification of it to make available psychiatric care for the mentally retarded son of the parties recognized a need which had not been met specifically in the order of December 15, 1960. To the extent that the financial resources of the respondent played a part in the determination by the judge, he found no change in the intervening year and a half to warrant any substantial departure from the allowance originally made. A review of the evidence and the exhibits does not convince us that he was plainly wrong.

There was no reversible error by virtue of the exclusion of evidence to which the petitioner excepted. Although the evidence offered might have been more freely admitted, any possible error was subsequently cured by its admission at other points during the hearing. The right of the wife to a full and complete hearing was not unduly restricted. Compare *Coughlin* v. *Coughlin,* 312 Mass. 452, 457. The judge, in addition to having before him all that he needed in order to frame his report and decree, stated several times during the hearing that he was satisfied that the respondent could pay any amount stated in an order required by the needs of the petitioner. See *Hillery* v. *Hillery,* 342 Mass. 371, 375. Costs and expenses of this appeal may be awarded in the discretion of the Probate Court.

*Decree affirmed.*