CLIFFORD JOHNSON *vs.* FORE RIVER MOTORS, INC. May 27, 1964. Order dismissing report affirmed. In this action of contract or tort in three counts for the same cause of action brought by the buyer against the seller of a repossessed motor vehicle, the judge found for the defendant and made special findings supported by the evidence, and therefore conclusive (*Piekos* v. *Bachand*, 333 Mass. 211, 213), that the seller, prior to the sale and delivery on September 22, 1959, had fully repaired the vehicle which to the buyer's knowledge had been in a collision; that the buyer, who still uses the vehicle, had made no complaints to the seller until July 6, 1960; that there was no breach of warranty, express or implied; and that there was no fraud or deceit practised by the seller in the sale to the buyer. The buyer's draft report relating to the denial of his motion for a new trial, not having been filed within five days of notice of the judge's decision, as required by Rule 27 of the Rules of the District Courts (1952), was rightly dismissed. All questions of law were properly disposed of in the comprehensive opinion of the Appellate Division.

*Maurice H. Kramer* for the plaintiff.

*James J. Nixon, Jr.,* for the defendant.

JOSEPHINE M. GIBSON *vs.* ROBERT W. GIBSON. May 28, 1964. Decree affirmed. The libelee appeals from that portion of a divorce decree entered on March 26, 1963, which ordered him to pay as alimony to the libellant the sum of $65 weekly. There is a report of material facts. At the time of the decree the libellee enjoyed a gross income of about $830 a month as the sole owner of an apartment building in Newton and owned certain other real estate valued at about $6,000. He was earning approximately $90 a week at the time of the hearing and while the parties lived together spent a minimum of $50 a week on liquor for himself. The parties had lived in comfortable circumstances during their marriage. There was no abuse of discretion by the trial judge in the order for alimony which he made. See *Wilson* v. *Wilson*, 329 Mass. 208, 211; *Verdone* v. *Verdone*, 346 Mass. 263, 264.

*William E. Halliday, Jr.,* for the libellee.

No argument or brief for the libellant.