*Northern District*
No. 5870
**FRANCIS BURNHAM**
v.
**MELVIN MacWHINNIE**
October 15, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.
Case tried before *Harrington, J.* in the First District Court of Essex. No. 3925.

*Brooks, P. J.* This case comes before us on the report established by this Division after plaintiff's draft report had been disallowed as not conformable to the facts. These facts, as recited in the report, are as follows:

"This is an action of replevin for a certain motor truck, which under the writ, was taken from the defendant. The plaintiff gave a bond to the defendant. The action and bond were filed in court on 5 August 1963, and on that date, the defendant filed an answer. The plaintiff appeared and acted pro se. The case was marked for hearing for 13 August 1963. The defendant's attorney and the defendant went to the Court House for the hearing. Between 8:30 and 9:00 A.M. on that day, the plaintiff filed a discontinuance with the Clerk of the court.

The defendant's attorney learned of this on his arrival at the Court House. The defendant's attorney, seeing the plaintiff outside of the Court House went to him immediately

on learning of the discontinuance, and stated to the plaintiff that he was going to move that the plaintiff's discontinuance be disallowed and that the plaintiff should come to the Court Room. The defendant, the plaintiff and the defendant's counsel proceeded to the Court Room and the motion was made before the court (Harrington, J.) The court asked the plaintiff if he would return the motor truck to the defendant and the plaintiff said he would not. The court asked the plaintiff where the truck was, and the plaintiff refused to answer. The court then disallowed the discontinuance and marked the case ready for trial. The plaintiff said he was not going to proceed with the case and left the Court Room. The court then held a hearing on the case and found that the defendant was entitled forthwith to a return of the goods stated in the writ. The court further set 22 August 1963 at 9:00 A.M. as a date for a hearing on assessment of damages and notices of these actions of the court were mailed.

On 16 August 1963, the plaintiff filed a claim of report from the court's disallowance of the plaintiff's discontinuance and a claim of report from the court's order to return the truck. On 22 August 1963, both claims of report were disallowed and the court made a memorandum of findings for the defendant on the assessment of damages.

On 27 August 1963, the attorney for the plaintiff entered his appearance for the plaintiff and filed a draft report. 31 October 1963

there was a hearing on the draft report and the draft report was disallowed on 4 November 1963 as of 1 November 1963. 7 November 1963 the plaintiff's petition to establish report was filed.

On 18 November 1963, the disallowance of plaintiff's report was amended to read, 'draft report disallowed as not conformable to the facts found by me.'

This report contains all the evidence material to the question reported.

The plaintiff, claiming to be aggrieved by the court's order to return the truck subsequent to plaintiff's filing a discontinuance, by the court's assessment of damages subsequent to the filing of the plaintiff's discontinuance and by the court's disallowance of the plaintiff's discontinuance we hereby report the same to the Appellate Division for determination."

At the outset, the vital question arises whether plaintiff has any standing in this court inasmuch as he is not before us on any rulings of law. By refusing to participate in the court hearing at which he might have filed requests for rulings, he has probably precluded himself from raising questions of law upon which he could base an appeal. We prefer, however, to rest our decision on a broader basis, namely, the validity of the trial court's action in disallowing the discontinuance, finding for defendant, assessing damages and ordering return of the truck.

There is an atmosphere of unreality about

this case suggestive of Alice in Wonderland. That perhaps explains why no Massachusetts case has been cited by defendant in support of his action. Plaintiff started a suit against defendant in the course of which he obtained possession of property concerning which the right to possession was in dispute. Having obtained possession he then did everything he could to prevent a judicial determination of the right to possession. It is as if a baseball team, having obtained a run in the first half of the first inning, were to claim that the game be called at that point, and as if a litigant in a law suit insisted that the evidence be closed after he alone has testified. This is hardly the Anglo-Saxon conception of justice.

■ Discontinuance of a lawsuit by the initiating party is permissible under certain conditions such as in a suit to recover a debt or for damages arising out of an accident. Discontinuance may be had, as of right, only before trial. G. L. c. 231, §140; *McQuesten v. Connolly,* 192 Mass. 172, 175. Plaintiff may discontinue after trial has begun by permission of court. *Nicolai v. Nicolai,* 283 Mass. 241, 246. However, where a declaration in set-off has been filed plaintiff may not discontinue without consent of defendant. G. L. c. 232, §8; *Zurick v. Goldberg,* 304 Mass. 66, 70.

■ Equity practice is slightly more restrictive. "In equity a plaintiff cannot discontinue after a decree or other proceeding whereby the defendant's situation has been materially changed so that he has acquired

rights which did not exist or which had not been determined, when the suit was brought and which rendered it equitable that those rights should be fully secured by further proceedings in the case. *Nicolai v. Nicolai,* supra; *Hollingsworth etc. Co. v. Foxboro District,* 171 Mass. 450, 452; *Worcester v. Lakeside Manuf. Co.,* 174 Mass. 299, 301; *Verdone v. Verdone,* 345 Mass. 773, 774. In equity a plaintiff has not the right to have his suit dismissed on payment of costs after a hearing has begun or when defendant's rights would be prejudiced. *French v. Brooke,* 241 Mass. 314, 317.

Neither counsel has cited any Massachusetts case on the precise point at issue nor is the court aware of a case. Such cases have occurred in other jurisdictions. They are cited in Corpus Juris Vol. 77, par. 190, p. 141 which states:

> "Where the plaintiff in replevin has been put in possession of property under his writ he will not be permitted to escape liability to the defendant by suffering a non-suit or dismissing his action."

Among the cases cited is *Glenn v. Gibbs,* 230 Mo. App. 2nd 409, 413 in which the court said:

> "The plaintiff in replevin, after taking the property into possession, cannot dismiss the suit as against the defendant at his pleasure or without the consent of the defendant or without a trial as to the rights of property and the right of possession. He cannot reduce the property to his possession and then refuse to prosecute the action."

In the above opinion the court referred to an earlier case of *Collins v. Hough,* 26 Mo. 149 in which the Supreme Court held that while the plaintiff might ordinarily dismiss his case at any time before the submission thereof, he could not in a suit in replevin where the property has been delivered to him "retreat at his pleasure."

Cobbey on Replevin states the matter as follows at p. 676 (2nd Ed.) :

> "Ordinarily the plaintiff has a right to dismiss his action; but in replevin after the property has been delivered to the plaintiff the position of the parties becomes to all intents & purposes reversed and the law will not permit the plaintiff to reduce the property to possession by means of this writ and then prevent adjudication of its status by dismissing the suit."

Corpus Juris' further comment on this subject at p. 142 is pertinent:

> "After the property has been seized and delivered to the plaintiff, defendant becomes the virtual plaintiff in the case, and on plaintiff's failure to prosecute his suit to a final judgment, defendant has the right, on application to the court, to secure an inquiry into, and a determination of, his right of property and possession. By failure to prosecute plaintiff cannot and does not deprive defendant of the latter's right to establish his title and right to possession, and obtain a judgment for the return of the property or its value, and damages for the taking and withholding of the property. If the rule was otherwise, plaintiff, under color of legal process, might perpetrate a fraud on the law and

be allowed to keep property, the title to which was prima facie in defendant from whom it was taken at the beginning of the suit."

Apart from the equitable side of the case there is a legal obligation on plaintiff to fulfill the requirement of G. L. c. 247, §8 that under his bond he shall prosecute the replevin to final judgment and to pay such damages and costs as the defendant shall recover and to return the goods if such be the final judgment.

Construing the statute on a slightly different issue in *Carroll v. Berger,* 255 Mass. 132, 135 the court said:

"The provision that the obligors of the bond shall prosecute said action of replevin to a final judgment plainly contemplates a prosecution to a final judgment on the merits so as to determine a right of possession in the plaintiff's in replevin or to direct a return and restoration to the defendants. *Pierce v. King,* 14 R.I. 611; *Flagg v. Tyler,* 3 Mass. 303; *Tucker v. Tremont Trust Co.,* 242 Mass. 25. To construe the phrase 'final judgment' otherwise, would defeat the purpose served by the bond, which is to provide security to the defendants, if they prevail, for a return of the property, and to indemnify them for such damages and costs as they may be entitled to recover. *Parker v. Young,* 188 Mass. 600, 602."

■ One further observation with respect to the legality of plaintiff's proceedings,— there is clearly here a deprivation of property without due process of law under the 5th Amendment of the United States Constitution,

likewise a contravention of Article 10 of the Constitution of this Commonwealth.

The record before us discloses the illegal conduct of plaintiff, the judgment against him, the order to return the property and the assessment of damages. It does not disclose what the nature or amount of the assessment was or whether the property was returned. There is a note that defendant went to jail for contempt. The only issue before us is the correctness of the trial court's action in disallowing the continuance, finding for defendant, assessing damages and ordering return of the property. We sustain the trial judge in these matters, and we, therefore, affirm the court's action.

*Report dismissed.*

Merrill B. Neariss, of Gloucester, for the Plaintiff.

Spruce, Tick & Matthews, of Boston, for the Defendant.