*Northern District*

## No. 8412

## JAMES W. BOUGIOUKAS
### v.
## FLOYD L. MOORE

Argued Feb. 26, 1976. Decided: May 4, 1976.

Case tried to *Tiffany, J.,* in the Central District Court of Northern Essex. Number: 75288 — Small Claims No. 464 of 1975.

Present: Cowdrey, P.J.; Forte, and Bacigalupo, J.J.

**Bacigalupo, J.** This action in contract to recover damages for alleged breach of agreement to do certain exterior painting and repair work on premises of the defendant by the plaintiff was entered in the trial court on May 12, 1975.

The defendant, (hereinafter, "Moore"), filed a timely motion to dismiss the action "on grounds that there is currently pending in the same court cross-actions instituted by both parties on the small claims side of the court."

The record indicates that on February 26, 1975, Moore brought a small claims action against the plaintiff to recover $257.87 for services rendered. On April 2, the defendant (plaintiff in this action) answered by way of denial of the claim.

On April 2, the plaintiff brought a small claims action against Moore for "unsatisfactory workmanship, to wit: painting of house . . . $500, plaintiff waives excess." Moore denied this claim. By writ dated April 24, 1975, the plaintiff commenced the action which is the subject of this report.

On April 25, 1975, the plaintiff wrote to the clerk of court to the effect that he wished to withdraw his small claims action against Moore in the amount of $500 of which $100 was waived. The report and docket entries are confused and silent as what effect, if any, was given to this letter. However, on May 15, 1975,

three days after the entry of the case at bar, the plaintiff filed a motion to discontinue his small claims action. On July 22, 1975, the trial justice denied the plaintiff's motion to discontinue, allowed Moore's motion to dismiss the case at bar, and on September 12, 1975, denied reconsideration of this action with respect to both motions.

The plaintiff claims to be aggrieved by the rulings of the trial justice with respect to the several motions.

There is no error.

It is clear from a reading of the pleadings in the case at bar, and the subject matter of the two small claims actions that the matters involved are identical. A close consideration of the report and the briefs of the parties demonstrate that the narrow issue before us is the propriety of the court's action with respect to the motion to dismiss and the motion to discontinue the plaintiff's small claims action.

Neither the appellant, nor the appellee, have called our attention to any case law or statutory provision which is dispositive of the precise issue before us, nor have we found any.

Small claims actions are authorized and regulated by G.L.c. 218, §§21-25, and by *Rules* 47-62 *of the District Courts* (1965) which were in effect when the case at bar and the small claims actions were commenced. Now see *Dist./Mun. Cts. Supp. R. Civ. P.,* 170-185.

G.L.c. 218, §23 provides in part that "every cause begun under the procedure (small claims) *shall*[1] be determined initially in the District Court. . . . A plaintiff beginning a cause under the procedure *shall be deemed to have waived a trial by jury and any right of appeal to the Superior Court:* . . . ."[1] It follows that if the plaintiff's motion to discontinue his small claim action was allowed that he would then be free to

---

[1] Emphasis added.

commence an action in the Superior Court and claim a trial by jury or bring an action in the District Court, and if the defendant was dissatisfied with the result, he might claim an appeal to the Superior Court with a trial by jury as provided by G.L.c. 231, §104, as amended. To allow such a course of action would defeat the legislative purpose to provide by the small claims procedure "a simple, prompt and informal means, at small expense for adjudication of" small claims. *McLaughlin v. Municipal Court of the Roxbury District,* 308 Mass. 397, 401 (1941). Further, it would harass the defendant who initially brought his action in the small claims side of the court so that he might obtain a speedy and inexpensive trial of his claim.

There appears to be no provision in G.L.c. 218, §§21-25, or in *Rules 47-62 of the District Courts* (1965) relating to small claims procedure which provide for a discontinuance as of right in the circumstances of the case before us.

We note that G.L.c. 218, §24 and *Supp. Rule* 175 *of the Dist./Mun. Court Rules* provide for a transfer of a small claims action to the regular civil docket for formal hearing and determination as though it had been begun by writ or complaint. It is clear that such a transfer lies in the sound discretion of the court, as is stated both in the statute and in the rule. Moreover, no request for transfer was ever made by the plaintiff.

The defendant argues "that the usual rule in actions at law is that the plaintiff may discontinue before trial," and that such a rule applies to actions brought under the small claims procedure.

"The general rule as to discontinuance of the entire case at law is that plaintiff may discontinue as of right at any time before trial without obtaining either leave of court or consent of the defendant." *Mottla Civil Practise,* 3d *Edition, Mass. Practise Series,* Volume 9, §544, and cases cited.

If however, a declaration in set-off is filed by the defendant, a plaintiff may not discontinue without consent of the defendant. G.L.c. 232, §8; *Burnham v. MacWhinnie,* 30 Mass. App. Dec. 49 (1964).

In discussing the similarity between a declaration in set-off, and the bringing of an independent suit, it was held that:

> "The declaration in set-off, . . . ., is a statement of an action in favor of the defendant for the amount claimed in the declaration, and in substance and effect it is, in most particulars, like the bringing of an independent suit to recover the sum alleged to be due. . . . . The pendency of an action by a defendant, in the form of a declaration in set-off, is as good a reason for an answer in abatement to a subsequent action upon the same claim, as is the pendency of an original and independent suit for the same cause of action." *Manufacturers' Bottle Co. v. Taylor-Stites Glass Co.,* 208 Mass. 593, 594 (1911).

Irrespective of its title, we treat the motion to dismiss as the equivalent of an answer in abatement.

The facts in the case at bar indicate that the small claims action brought by the plaintiff should more properly have been brought as a set-off in the small claims action brought by Moore against the plaintiff under *Rule* 51 *of the Rules of the District Courts* (1965) now *Rule* 174 *Dist./Mun. Supp. Rules,* and we view it in this light. It is apparent, therefore, that there was no error in denying the motion to discontinue. The attempt to discontinue the small claims action by letter dated April 25, 1975 without leave of court or the consent of the defendant was ineffective.

In any event, when the plaintiff entered his action in the civil side of the court on May 12, 1975 by writ dated April 24, 1975, his small claims action was still pending as is evidenced by the fact that he filed a motion to discontinue on May 15, 1975 which was denied by the trial justice on July 22, 1975. Thereafter, on July 25, the plaintiff filed a motion to reconsider which was denied by the trial justice on September 12. We note that the writ is dated April 24, 1975. It appears from the foregoing that nothwithstanding the plaintiff's letter of discontinuance mailed to the clerk's office on April 25, 1975; that the instant case had already been commenced; that the small claims action had not gone to judgment, and that the plaintiff had two actions going at the same time against the same defendant for the same cause of action. Hence, the letter of discontinuance and the subsequent motions to discontinue came too late. *Alpert v. Mercury Publishing Co.*, 272 Mass. 39, 41-42 (1930).

The plaintiff neither briefed, nor argued, any abuse of discretion on the part of the trial justice with respect to his rulings on the several motions. We therefore conclude that the plaintiff makes no claim that there was any such abuse of discretion with respect to the action of the trial judge.

In our view, the denial of the plaintiff's motions to discontinue and to reconsider, and the allowance of the defendant's motion to dismiss under the circumstances of this case were proper. There being no prejudicial error the report is dismissed.