Silva, J.
This purports to be a report by the Trial Judge, sua sponte pursuant to G.L. c. 231, § 108. We assume that the report’s reference to an appeal pursuant to G.L. c. 231, § 102C is in error as that section deals with cases remanded from the Superior Court. The Trial Judge, sitting in a small claims session, dismissed without prejudice the plaintiffs claim invoking the court’s jurisdiction under G.L. c. 223A, § 3, the so-called long-arm statute. Having dismissed the claim without prejudice to the plaintiffs right to bring a new civil action, the Trial Justice through this report seeks guidance as to the correctness of his ruling. G.L. c. 231, § 108 provides for the establishment of an Appellate Division for the rehearing of matters of law arising in civil actions, claims for compensation of victims of violent crimes, and in civil motor vehicle infractions. Section 108 further provides for reports by a single justice, after decision in any case in which there is an agreed statement of facts or a finding of facts or any other case involving questions of law only. If a single justice is of the opinion that an interlocutory finding or order made by him ought to be reviewed by the Appellate Division, before any further proceedings in the Trial Court, he may report the case for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties. Section 108 makes no reference to small claims actions.
On the other hand, G.L. c. 218, § 23 provides that “No party to a cause under the (small claims) procedure shall be entitled to a report. If the court is of the opinion that a question of law requires review, it may submit the matter, in the form of a report of a case stated, to the Appellate Division.” Small claims standards 7:06 also recognizes the justice’s right to submit a question of lawto the Appellate Division. We therefore treat this matter as a report of a case stated.
The report raises three questions: 1) Can a defendant residing in another state be sued in the small claims section of the District Court? 2) Do the service requirements of the long-arm statute have to be satisfied? 3) Should the court as a matter of discretion transfer the cause to the regular civil docket due to the inherent legal complexity of the case?
Small claims “shall be brought, at the option of the plaintiff, in the judicial district where either the plaintiff or the defendant lives or has his usual place of business or employment.” G.L. c. 218, § 21.
*139 This abandonment of the former rule that small claims venue exists only where the defendant lives or works apparently will open the small claims session to the plaintiffs suing an out-of-state defendant. The so-called “long-arm” statute (G.L. c. 223A, § 3) permits a Massachusetts court to exercise personal jurisdiction over a party residing outside of the Commonwealth if any of seven conditions is met, and also permits [in § 6(3) ] service “by any form of mail addressed to the person to be served and requiring a signed receipt.” That phrase appears to be ambiguous as to whether a return receipt must be actually received or only that returned receipts certified mail be used, for valid “long-arm” service. If the former reading is correct, then the usual rule [found in Uniform Small Claims Rule 3(a)] that service is valid even if the return receipt is not returned provided that the separate first class mailing of the “Notice of Claim” is not returned by the post office would not apply to small claims where the defendant is out-of-state. It appears then that a defendant residing out-of-state may be sued in the small claims session of the District Court, provided there is subject jurisdiction or the case arises out of some act which occurred in the Commonwealth. 2) Regular civil rules of court regarding service of process are generally not applicable to small claims matters. The Uniform Small Claims Rules state that “the clerk shall promptly send to the defendant by certified mail, returned receipt requested, and also by separate first class mail, at the address or addresses supplied by the plaintiff, a copy of the Statement of Claim and Notice form. Normally proof of the service in a small claim matter is the return receipt for the certified mail notice, signed by the defendant or by one acting on his behalf. However, such certified mail notice of the claim shall be sufficient, although unclaimed or refused by the defendant, provided that the first class mail notice is not returned to the court undelivered. The court may provide for any other means of service in individual cases as is deemed necessary.” Uniform Small Claims Rule 3(a).
The Massachusetts long-arm statute (G.L. c. 223A, § 6)states that “when the law of this Commonwealth authorizes services outside this Commonwealth, the service, when reasonably calculated to give actual notice, maybe made: 1) by personal delivery in. the manner provided for service within this Commonwealth; 2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction; 3) by any form of mail addressed to the person to be served and requiring a signed receipt; 4) as directed by the foreign authority in response to a letter rogatory, or 5) as directed by the court.” When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court.
We are not satisfied that the service provided under the provisions of Rule 3 of the Uniform Small Claims Rules is sufficient to satisfy the service requirements under c. 223A, § 6.
We are not inclined to instruct the Trial Justice as to how he should exercise his discretion in those areas where he is statutorily authorized to act, but suggest, for his guidance, the following: G.L. c. 218, § 24 and Supp. Rule 175 of the Dist./Mun. Ct. Rules provide for a transfer of a small claims action to the regular civil docket for formal hearing and determination as though it had been begun by writ or complaint. It is clear that such a transfer lies in the sound discretion of the court, as is stated both in the statute and in the rule. Bourgioukas v. Moore, 58 Mass. App. Dec. 74, 77 (1976).
“The court may, in its discretion, transfer a cause begun under the procedure to the regular civil docket for formal hearing and determination as *140 though it had been begun by summons and complaint, and may impose terms upon such transfer.” G.L. c. 218, § 24.
“The provisions of G.L. c. 218, § 24 and Rule 4 of the Uniform Small Claims Rules (1985), which provide for the removal of small claims to the regular civil docket of the District Court at the request of either party or upon motion of the judge.” Daum v. Delta Airlines, Inc., 396 Mass. 1013, 1014 (1986).
“Since a judge’s transfer of a small claim to the regular civil docket eliminates the simplified procedures available under small claims practice, motions for transfer... should be carefully scrutinized. The judge should require the party making such a request to demonstrate the need for such a transfer, and should be alert for any indication that the motion is interposed for delay or for strategic advantage, particularly where the opposing party is unrepresented by counsel... adequate reasons for transfer would include the presence of a counterclaim arising out from the same incident in excess of small claims limits, other pending cases with the same or related parties, or an artificial division of the claim to bring it within small claims limits; that a compulsory counterclaim would be required by the civil rules; or that numerous witnesses or extensive discovery are necessary.” Commentary to the District Court Small Claims. Standard 5:01.
The complaint identifies the plaintiff as a resident of Brookline, in this Commonwealth, and each of the defendants as a resident of Fort Lauderdale, Florida. It alleges that the male defendant executed a lease renting a Florida condominium to be used by his daughter (the female defendant) for a term beginning August 2, 1986 and ending August 1; 1987, the total rent being $2,100, payable at the rate of $175 per month. The complaint alleges that the premises were abandoned in May 1987 and claims unpaid rent and late charges in the sum of $1,168. On the question of “minimum contacts” to justify bringing the action within the purview of the long-arm statute, it would appear that the mere execution of a lease by a Massachusetts resident of property owned by him in Florida to non-residents of the Commonwealth in the absence of any other evidence, would be insufficient to establish minimal contact.
The finding by the Trial Judge that the service required by the long-arm statute’s provisions has not been affected is sufficient to warrant a dismissal of the small claims action. Submission of an action upon a “case stated” requires the Trial Justice and an Appellate Court to enter the correct judgment. Associates Discount Corp. v. Gilleneau, 322 Mass. 490, 491 (1948). All questions of fact as well as law are open for review on an appeal submitted on a case stated. Caissie v. Cambridge, 317 Mass. 346, 347 (1944); Hayes v. Lumbermens Mutual Cas. Co., 310 Mass. 81, 83 (1941).
The small claims action is dismissed.